FILED

2007 Jun-21  PM 03:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JOYCE FRANKLIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No.:     07-TMP-006-S** |
| | ) | |
| **CITY OF HOMEWOOD AND** | ) | |
| **LINDA COOK,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>MEMORANDUM OPINION</u>**

Currently pending before the court is *Plaintiff's Request for Review of Magistrate's Order of March 28, 2007 Denying Plaintiff's Motion to Remand, and Alternatively, Motion to Permit Limited Discovery* (doc. 32). Plaintiff sought remand and was denied by Judge Putnam's Magistrate Order on Motion to Remand (doc. 31). The court treats the "Request" as an objection to an appeal of the magistrate's order denying the requested Motion to Remand. For the reasons contained herein, the court AFFIRMS Judge Putnam's Magistrate Order on Motion to Remand and DENIES Plaintiff's Motion.

**I.     HISTORY**

Plaintiff Joyce Franklin filed this suit against her supervisor Linda Cook acting in her individual and official capacities, and against her employer, the City of Homewood, Alabama, for, among other things, violations of her constitutional rights to due process and equal protection of the law, and seeks relief pursuant to 42 U.S.C. §§1981, 1983. She claims that her employer, the City of Homewood, and her supervisor, Linda Cook, breached her employment contract and denied her pay and benefits to which she was entitled.

Michael Kendrick, attorney for defendant Linda Cook in her individual capacity, filed an answer in state court on January 2, 2007.  That same day, Terry A. Sides, the attorney for both the City of Homewood and Linda Cook in her official capacity, filed a notice of removal to federal court on the basis that Plaintiff's claims arise under federal law, giving the federal court original subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.  The notice of removal was timely filed and recites that the defendants "jointly" give notice of removal, and that the defendants "jointly consent" to the removal.  The notice is signed by Terry A. Sides, representing both the City and Cook in her official capacity.

Plaintiff claims that the action taken by defendant Linda Cook – filing an answer in state court – caused a defect in the removal process because all defendants did not consent to the removal at the time the notice of removal was filed.  Additionally, the Plaintiff claims that by answering in state court, defendant Linda Cook has shown her intent to litigate in state court.

## II.      STANDARD OF REVIEW

The parties dispute the standard of review this court should use to evaluate the magistrate's order.  The defendants claim that a magistrate judge's remand order is a non-dispositive decision and should be reviewed under a standard of *clearly erroneous or contrary to the law* while the Plaintiff argues that a magistrate's remand order is a dispositive issue and should be reviewed *de novo*.

The court acknowledges a split in authority on the issue of whether a magistrate judge has the authority to determine a motion to remand a case.  The Third, Sixth, and Tenth Circuit Courts of Appeals have held that determinations of motions to remand are "dispositive" issues and outside the scope of a magistrate judge's authority to enter without review.  *See Vogul v. U.S.*

2

*Office Prods. Co.*, 258 F.3d 509, 515 (6th Cir. 2001) (holding that remand orders are "dispositive" and can only be entered by a district judge because "a remand motion has the same functional effect as dispositive motions enumerated in § 636(b)(1)(A)"); *In re U.S. Healthcare*, 159 F.3d 142, 146 (3rd Cir. 1998) (holding that a remand order was dispositive because it "banishes the entire case from the federal court"); *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 996 (10th Cir. 2000) (holding that a magistrate judge's remand order is dispositive because "it is [ ] very similar in effect to an involuntary dismissal").

Courts that have held that remand is a dispositive issue have reached this conclusion by analyzing the list set forth in 28 U.S.C.A. § 636(b)(1)(A) as "nonexhaustive." *Vogul*, 258 F.3d at 515.  Additionally, these courts have determined that "unlisted motions that are functionally equivalent to those listed in § 636(b)(1)(A) are also dispositive." *Id*.  These courts have also compared a remand order with an involuntary dismissal: "because a remand order is dispositive insofar as proceedings in the federal court are concerned, the order is the functional equivalent of an order of dismissal." *In re U.S. Healthcare*, 159 F.3d at 145.  These courts have reasoned that because the effects of both a remand order and an involuntary dismissal are similar, and because involuntary dismissals are included in the list set out in § 636(b)(1)(A) of matters not within the authority of a magistrate judge to determine, remand orders should also be included in this list. *See In re U.S. Healthcare*, 159 F.3d at 145; *First Union Mortg. Corp.,* 229 F.3d at 996.  If a motion to remand is determined to be dispositive, the district court will review the matter *de novo*.  *See* Fed.R.Civ.P. 72(b).

On the other hand, many courts, including those in the Northern District of Alabama, have held that remand is "non-dispositive" and thus qualifies as a pretrial matter that a magistrate

judge has the authority to "hear and determine," subject to review by a district court judge. *See*

*Johnson v. Wyeth*, 313 F. Supp. 2d 1272, 1273-75 (N.D. Ala. 2004) (holding that because

Congress did not deny remand authority to magistrates in the explicit list it set forth in 28

U.S.C.A. § 636(b)(1)(A), it is within the authority of a magistrate judge "as long as an

opportunity was provided for any party to seek a Rule 72 review of the order"); *Holt v.*

*Tonawanda Coke Corp.*, 802 F. Supp. 866, 868 (W.D.N.Y. 1991) (holding that because a motion

to remand is not dispositive, it is within the authority of a magistrate judge to hear and

determine); *Wachovia Bank, Nat'l Ass'n. v. Deutsche Bank Trust Co., Ams.*, 397 F. Supp. 2d 698,

702 (W.D.N.C. 2005) (holding that a magistrate judge has the power to hear and decide a motion

to remand); *North Jersey Sav. & Loan Ass'n. v. Fidelity & Deposit Co. of Maryland*, 125 F.R.D.

96, 98 (D.N.J. 1988) (holding that because a motion to remand is not listed in § 636(b)(1)(A), it

is not a "final" determination and may be reviewed by a district court).

  This court finds the reasoning of our own Northern District, as well as the reasoning of

other district courts, more persuasive than that of the Third, Sixth, and Tenth Circuits and

determines that a motion to remand is a non-dispositive issue and within the authority of a

magistrate judge.  In *Johnson*, Judge Acker acknowledged the decisions of the Third, Sixth, and

Tenth Circuit Courts of Appeals but also noted that because those decisions were not mandatory

binding authority, he had the liberty to choose to follow other case law and decided to do so.

*Johnson*, 313 F. Supp. 2d at 1273.

  A motion to remand is a non-dispositive matter for the following persuasive reasons.

First, as Judge Acker noted in *Johnson*, the specific language of §636(b)(1)(A) supports this

conclusion.  A plain reading of the language notes that the section explicitly lists pretrial matters

that are *not* within the authority of magistrate judges.  Remand authority is *not* one of those listed excluded matters.  The language of § 636(b)(1)(A), explicitly states that a magistrate judge can hear *"any* pretrial matter...*except*..." a very specific list of eight matters. 28 U.S.C.A. § 636(b)(1)(A) (emphasis added).  Additionally, as Judge Acker noted, "[i]f Congress had wanted to place remand of removed cases beyond the 'hear and determine' authority of magistrate judges, it could, should and would have listed it as one of the matters expressly excluded from that authority." *Johnson,* 313 F. Supp. 2d at 1273.  Because Congress explicitly set out matters that are *not* within the authority of a magistrate judge and because remand is *not* among them, a decision regarding remand is a valid authority of a magistrate judge. *See generally Johnson*, 313 F. Supp. 2d at 1273; *Holt*, 802 F. Supp. at 868; *North Jersey Sav. & Loan Ass'n.*, 125 F.R.D. at 98.

Second, a decision on a motion to remand does not result in a final, or dispositive, determination.  The court agrees that "the plain language of [Federal] Rule [of Civil Procedure] 72 is concerned only with whether a matter brings about a final determination of a party's claims or defenses," particularly in parts (A) and (B), where the rule explicitly sets out non-dispositive matters versus dispositive motions. *Wachovia Bank*, 397 F. Supp. 2d at 702 (citing *Batiste v. Catoe*, 27 Fed.Appx. 158, 159 (4th Cir. 2001)).  The term "dispositive" is defined by *Black's Law Dictionary*, 484 (7th ed. 1999), as "bringing about a final determination."  As one court held,"[a] motion to remand is not dispositive since a decision on the motion decides only the question of whether there is a proper basis for federal jurisdiction to support removal, and neither reaches nor determines the merits of a plaintiff's claims or a defendant's defenses or counterclaims." *Holt*, 802 F. Supp. at 868.  Granting or denying a motion for remand does not

5

bring about a final determination of a case: the case will simply be remanded for determination

by a state court or remain in federal court.  Therefore, ruling on a motion to remand is not a

dispositive determination.

Third, this court acknowledges the efficiency of magistrate judges who lighten the heavy

caseload of the district court.  The goal of assigning a magistrate judge to a case is " 'to increase

the overall efficiency of the federal judiciary.' " *Wachovia Bank*, 397 F. Supp. 2d at 702

(W.D.N.C. 2005)(citing *McCarthy v. Manson*, 554 F. Supp. 1275, 1285-86 (D.Conn. 1982)).

The explicit language of a statute to determine magistrate authority, such as 28 U.S.C. §

636(b)(1)(A), "should be read in light of the practical goal of vesting magistrate judges with

sufficient authority to enable them to assist effectively in managing the heavy caseload borne by

the district courts." *Johnson*, 313 F. Supp. 2d at 1274; *see also Roell v. Withrow*, 538 U.S. 580

(2003).

Absent an Eleventh Circuit determination of whether the issue of magistrate's remand is

dispositive versus non-dispositive, this court agrees with Judge Acker's well-reasoned opinion in

*Johnson*, 313 F. Supp. 2d at 1272.  Therefore, this court concludes that remand is a non-

dispositive issue.  A non-dispositive issue requires a standard of review of *clearly erroneous or*

*contrary to the law*, which this court determines is the appropriate standard of review to use in

this case.

## III.   DISCUSSION

### A.   No Defects Exist in Defendants' Notice of Removal.

Plaintiff first challenges the propriety of defendants' removal petition.  Plaintiff claims

that the action taken by defendant Linda Cook – filing an answer in state court – caused a defect

6

in the removal process because all defendants did not "consent" to the removal at the time the

notice of removal was filed.  All defendants in cases of multiple defendants must consent to

removal. *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1044 (11th Cir. 2001).  The

actual party to the litigation is not required to sign in the joinder or consent to removal; an

attorney is authorized to give the express consent necessary for each client he represents, which

supplies the requisite intent. *See, e.g., Nixon v. Wheatley*, 368 F. Supp. 2d 635, 639 (5th Cir.

2005).

     In this case, defendant Linda Cook by and through her counsel of record, along with

defendant City of Homewood filed the Notice of Removal.  Co-defendants' counsel, Terry A.

Sides, gave consent for removal on behalf of "each served defendant," which included Cook.  *See*

*Miles v. Kilgore*, 928 F. Supp. 1071 (N.D. Ala. 1996).  Cook's counsel's action of filing notice of

removal on her behalf was sufficient to constitute Cook's joinder in removal.

**B.**      **Defendant did NOT Waive her Removal Rights by Filing an Answer in State**
           **Court.**

     Plaintiff's second claim is that defendant Linda Cook intended to litigate in state court

and has thus waived her removal rights.  Plaintiff bases her contentions on the fact that defendant

Linda Cook filed an answer in state court prior to filing a notice of removal.

     Although the Eleventh Circuit has not ruled on the precise issue of whether an answer

constitutes waiver of removal rights, it has ruled on similar issues.  In a *per curiam* opinion, the

Eleventh Circuit held that the defendant's motion to dismiss filed in state court did "not

necessarily constitute a waiver of the defendant's right to proceed in the federal forum."

*Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004)

(citing *Hill v. State Farm Mut. Auto. Ins. Co.*, 72 F. Supp. 2d 1353, 1354 (M.D. Fla. 1999)).  The Court reasoned that a motion to dismiss was not a "substantial offensive or defensive action in the state court action indicating a willingness to litigate" in that forum. *Id*.

Several district court opinions within the Eleventh Circuit hold that an answer containing a compulsory counterclaim does not amount to waiver to remove: "[c]onsistent with virtually every other court to address the same issue, the federal district courts for the Middle District of Alabama and Southern District of Florida have both held that merely filing an answer in state court is insufficient activity to constitute a waiver." Christopher L. Frost, Carrie W. Mitchell & Brett Harrison, *Beware the Litigation-Based Waiver Trap: Protecting the Right to Remove in the Eleventh Circuit*, 66 *Ala. Law.* 380, 383 (2005).  In contrast, two courts, the Fifth Circuit in 1949 and the Central District of California in 1999, in *dicta*, have stated that filing an answer may constitute waiver.  *See Texas Wool & Mohair Mktg. Ass'n v. Standard Acc. Ins. Co.*, 175 F.2d 835 (5th Cir. 1949); *Clinco v. Roberts*, 41 F. Supp. 2d 1080 (C.D. Cal. 1999).  However, these statements "have not been followed by the Central District of California or the modern Fifth Circuit, and these authors have found no modern decisions where a court did, in fact, recognize a waiver based on the filing of an answer alone." Frost, 66 *Ala. Law*. at 383.

Because the Eleventh Circuit has not directly ruled on the issue of whether filing an answer in state court prior to removing to federal court precludes removal jurisdiction, no mandatory or binding precedent controls this court's decision.  However, persuasive authority exists in case law from the Middle District of Alabama as well as other district courts throughout the country.  This court finds that the better-reasoned opinions hold that an answer does not constitute waiver of removal rights.

An answer filed in state court does not represent an intent to litigate in state court.  Filing an answer and making discovery requests are merely "preliminary actions in a lawsuit, not at all comparable to the sort of dispositive motion addressing the merits of a case that arguably might most clearly demonstrate an intent to litigate." *Brown v. Sasser*, 128 F. Supp. 2d 1345, 1348 (M.D. Ala. 2000); *see also Fain v. Biltmore Secs., Inc.*, 166 F.R.D. 39, 42 (M.D. Ala. 1996) (holding that to determine whether a right to remove has been waived, a court must first determine whether actions taken by defendants in state court were for the purposes of preserving the status quo or manifested an intent to litigate on the merits in state court).  A significant number of district courts have determined that because an answer is not representative of an intent to litigate, it is not considered a waiver of a defendant's removal rights.  *See Brown*, 128 F. Supp. 2d at 1347-48; *Fain*, 166 F.R.D. at 42; *Haynes v. Gasoline Marketers, Inc.*, 184 F.R.D. 414, 416 (M.D. Ala. 1999); *Miami Herald Publg. Co. v. Ferre*, 606 F. Supp. 122, 124 (S.D. Fla. 1984); *Bedell v. H.R.C. Ltd.*, 522 F. Supp. 732, 738 (E.D.Ky. 1981).

Additionally, the defendant's acts must express a "clear and unequivocal" intent to waive the right to remove. *Beighley v. Fed. Deposit Ins. Corp.*, 868 F.2d 776, 782 (5th Cir. 1989)(citing 1A *Moore's Federal Practice* ¶ 0.157[9] at 153 (2nd ed. 1995)); *see also Rose v. Giamatti*, 721 F. Supp. 906, 922 (S.D. Ohio 1989).  "[A]lthough waiver of the right of removal is possible, 'the defendant's intent (to waive) must be clear and unequivocal.'  Waiver will not occur by defensive action in the state court, short of proceeding to an adjudication on the merits." *Bedell*, 522 F. Supp. at 738 (quoting 1A *Moore's Federal Practice* ¶ 0.157[9] at 153 (2nd ed. 1995)).  Removal will not be permitted if the defendant's underlying motive is to appeal an unfavorable decision. In holding that filing a motion to stay pending arbitration and a motion to compel arbitration did

9

not express  a clear and unequivocal intent to waive the right to remove, the court reasoned,
"[t]he Defendants' removal of the present case to federal court can hardly be characterized as an
appeal of an adverse decision . . . . it is undisputed that this case was removed before a decision
was reached by the state court on the motion to require arbitration."*Fain*, 166 F.R.D. at 42.

Defendant Linda Cook has not expressed a clear and unequivocal intent to waive her right
to remove by any actions she has taken, including filing an answer.  An answer is not
representative of defendant Cook's intent to litigate in state court but is instead a preliminary
action in a lawsuit.  Moreover, defendant Cook has not removed to appeal an adverse decision
previously decided in state court as no adverse decisions have been entered against her there.

IV.    **CONCLUSION**

This court finds that defendant Cook's consent to removal, by and through her counsel of
record, was both timely and sufficient to constitute defendant Cook's joinder in removal.  No
procedural defects exist in defendants' joint notice of removal.  Defendant Cook's action of
filing an answer in state court, on the same date on which defendants jointly filed a notice of
removal, was not a manifestation of a clear and unequivocal intent to waive her right to remove
the case to federal district court nor an intent to litigate in state court.  Consequently, defendant
Cook did not waive her right to remove the case to federal court.  This court finds that the
magistrate judge's decision to deny remand was not *clearly erroneous or contrary to the law* and
AFFIRMS the decision of the magistrate judge.[1]

A separate order will be entered consistent with this opinion.

---

[1]This court notes that had it reviewed the magistrate judge's denial of remand on a *de novo* standard, it would have reached the same conclusion.

DONE and ORDERED this 21st day of June 2007.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE