FILED

2008 Mar-24 PM 12:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOYCE FRANKLIN,

    Plaintiff,

v                          CASE NO: CV-07-TMP-006-S

CITY OF HOMEWOOD; LINDA COOK,
in her individual capacity;
PERSONNEL BOARD OF
JEFFERSON COUNTY, Alabama,

    Defendants.


**PLAINTIFF'S AMENDED AND CORRECTED COMPLAINT**

**Introduction and Factual Background:**

Pursuant to this Court's Order of March 14, 2008, (Doc. 61) allowing Plaintiff the opportunity to amend and correct her Complaint filed on November 17, 2006, the Plaintiff now files this amended and corrected complaint. Plaintiff's Amended and Corrected Complaint is also filed pursuant to Federal Rule of Civil Procedure 19, adding as Defendant, the Jefferson County Personnel Board. This is an action, following the law of the case by eliminating certain causes of action

1

dismissed by Recommendation and Order. (Docs. 50 and 53).

This Amended and Corrected Complaint seeks both legal and equitable relief, including declaratory judgment and injunctive relief against the Defendants, City of Homewood, the Personnel Board of Jefferson County, Alabama and Defendant Linda Cook, as more specifically set forth below. Plaintiff Joyce Franklin seeks such legal relief only as permitted by law from Defendants, including compensatory, punitive damages (except as to Defendant City of Homewood), liquidated and nominal damages, injunctive and declaratory relief for violations of her those rights secured to her through the Alabama and United States Constitutions, 42 USC § 1983, for breach of contract, interference with her economic opportunities, for intentional infliction of emotional distress and for Defendants' unlawful misconduct in depriving Plaintiff of the pay and benefits, including regular and overtime pay, lawfully due to her as an employee of the City of Homewood and

for deprivation of Plaintiff's rights to due process, and deprivation of those rights secured to her through the laws and regulations of the State of Alabama and the Jefferson County Personnel Board and the Constitution and laws of the United States and of Alabama.

1. Joyce Franklin, hereinafter referred to as "Plaintiff", was employed by the City of Birmingham until November 1999, when she transferred from her employment as an employee, classified under the merit system controlled by the Jefferson County Personnel Board, with the City of Birmingham to classified employment with the City of Homewood. On Plaintiff's transfer to employment to Defendant City of Homewood, Plaintiff was assigned as an Administrative Assistant III, a job classified by the Defendant Jefferson County Personnel Board pursuant to the laws of the State of Alabama and subject to the regulations issued pursuant to those laws.

2.  Defendant City of Homewood, hereinafter referred to as the City of Homewood or "Defendant City", is a municipal employer operating under color of law in Jefferson County, Alabama.  Defendant Jefferson County Personnel Board is established under state law as an entity charged with, *inter alia*, governing the civil service of classified employees of the Personnel Board of Jefferson County, in all cities in Jefferson County, Alabama with 5,000 or more residents.

3.  Defendants City of Homewood and Personnel Board of Jefferson County have unlawfully and repeatedly failed and refused to employ Plaintiff in the class and job determined by the Defendant Personnel Board to be appropriate to her and refused to pay to Plaintiff monies lawfully due to her despite the duty to do so. Defendants, including Defendant Cook, have acted unlawfully in depriving Plaintiff of the guarantees secured to her through the state legislation and implementing regulations applicable to the Jefferson County Personnel Board and to Defendant City of

4

Homewood operating in the merit system administered by
the Jefferson County Personnel Board for the benefit of
employees.

4. Defendant Linda Cook is Plaintiff's supervisor
and has the job title City Clerk for the Defendant City
of Homewood.  As City Clerk, Defendant Cook has
specific duties and responsibilities assigned to her by
state law.  When Plaintiff was first interviewed by
Defendant Cook for employment with Defendant City,
Defendant Cook encouraged Plaintiff to accept
employment with Defendant City telling Plaintiff that
she would have an opportunity to work with the
Defendant City's Council members, and that Plaintiff
would have opportunities for overtime because, as
Defendant Cook stated, "there is no shortage of
overtime in this office".  After filing this action, on
information and belief, these defendants agreed on the
retaliatory action of removing Plaintiff from all
assignments in which she directly worked for the City
Council.

5.  In March 2002, Plaintiff was appointed as
Assistant City Clerk by the City Council at an official
council meeting, but Plaintiff received no compensation
for the performance of the duties of Assistant City
Clerk, by direct plan of the City of Homewood that
required that Plaintiff consent to these no-extra-pay
terms and conditions of her extra duties, including
supervision of staff in the Administration Department
and acting for the City Clerk in her absence.  On
information and belief, another employee serving as
Assistant City Clerk was previously removed from this
position when she also sought to be paid for the extra
duty of serving as Assistant City Clerk.

6.  In July 2002, Plaintiff was solicited by
Defendant Cook, and the Defendant's mayoral assistant
for the purpose of creating for Plaintiff a new and
higher position for Plaintiff, Administrative Assistant
IV, in order to reflect the work and service and skill
already being provided by Plaintiff in her employment
with the Defendant City.

6

7.  Plaintiff, with the assistance of the Defendant Cook, and on August 2002, after passage by Defendant City Council resolution authorizing the Administrative Assistant IV position, prepared the appropriate documents for submission to the Jefferson County Personnel Board for the creation of such new position for Plaintiff.

8.  Pursuant to Defendant Cook's statement of Plaintiff's duties, Plaintiff was subsequently upgraded to the classification of Administrative Assistant IV in August 2002, without having requested such upgrade.

9.  Since May 2004, despite Plaintiff's multiple duties and responsibilities assigned to her by Defendants City of Homewood and Cook and despite the subsequent findings of the Defendant Jefferson County Personnel Board that Plaintiff was performing duties and responsibilities meriting another job classification, Defendant City of Homewood failed, refused and opposed promotion/reclassification of Plaintiff thereby denying to her employment

7

opportunities and adversely affecting the terms and conditions of her employment.

10.   In January 2003, the Personnel Board of Jefferson County, Alabama, hereinafter "the Board" or "the Personnel Board", began its required classification and compensation survey of classified positions within the City of Homewood, which survey the Board conducts every five (5) years.  That classification and compensation survey included the Board's detailed audit and review of Plaintiff's and other employees' duties and responsibilities at work by classification and compensation specialists.

11(a). In August 2003, Plaintiff was offered and accepted the position of City Clerk in another jurisdiction within Jefferson County, but Defendant Cook and City Council members implored Plaintiff not to leave for a promotion elsewhere.  Notwithstanding consideration of the overtime earnings Defendant City of Homewood made available to Plaintiff when she worked at City Council meetings, Plaintiff had, at first,

accepted employment as City Clerk in another
jurisdiction. Plaintiff then determined, based on her
current regular and overtime earnings with the City of
Homewood, and the promises of continued overtime made
by defendants City and Cook, that she should remain in
the employ of Defendant City of Homewood.

(b). The President of the Homewood City Council
also encouraged Plaintiff to remain in the employ of
Defendant and not to take a position as City Clerk in
another jurisdiction within Jefferson County, Alabama.
Based on both Defendant Cook's and Defendant City of
Homewood's promises of additional employment
opportunities for Plaintiff, as a City of Homewood
employee, and these Defendants' promises of increased
earnings in payment for overtime at City council
meetings, Plaintiff rescinded her acceptance of a
higher classification with another jurisdiction and
remained an employee of the Defendant City of Homewood.

12. In March 2004, with the support of Plaintiff's
supervisor, Defendant Cook, Plaintiff sought from

Defendant Personnel Board a determination that she was performing the duties of the job classification, Municipal Records Supervisor, which determination was initially rejected by the Jefferson County Personnel Board.  This support required Plaintiff to submit a position description questionnaire.

13.  In May 2004, Plaintiff, in a letter to Defendant Cook, first mentioned that she worked at home at her kitchen table transcribing the minutes of the Defendant City Council.  On information and belief, Defendant Cook, as Plaintiff's direct supervisor, additionally actually knew or should have known (a) that Plaintiff's multiple assignments and duties at work at the office, including assignments of the work of others from time to time, did not allow Plaintiff the time also necessary to listen to lengthy recordings and create minute summaries of the City Council meetings. Plaintiff regularly worked during the evening hours at home for the Defendants Cook and City of Homewood transcribing lengthy minutes of the City

Council meetings and also worked early in the mornings before her official starting time at the office frequently seeing the Mayor, who also arrived at work well before the official business day.

14.  From the date of Plaintiff's actual notice in May 2004 to Defendants of her working overtime at home to the date of the filing of the Complaint, Plaintiff has continued to suffer increasing retaliation in various forms, including now loss of all overtime opportunities with the City of Homewood, loss of directly working with the City Council and assignment to unique hours of work different than all others in the Administration Department of the City of Homewood.

15.  In June 2004, the Personnel Board found that Plaintiff was performing the higher-rated, higher paying job of Municipal Records Supervisor. The Personnel Board is vested by law with the duty and responsibility of creating a merit system for classified employees working for the City of Homewood, so that assigned duties of classified employees are

11

compensated by appropriate pay for each classification. While the Plaintiff, with the actual knowledge of all defendants, continued to work performing higher-rated duties, Defendant Personnel Board unlawfully and knowingly certified official payrolls that her lower pay was correct.

16.  In June 2004, Defendant Cook withdrew her support for Plaintiff's re-assignment to a higher-rated, higher-paying job classification, which the Board had determined was the appropriate job classification for Plaintiff.

17.  In October 2004, at an organizational meeting of the Homewood City Council, Plaintiff was not permitted to function as Assistant City Clerk.

18.  In December 2004, the Defendant City, through its City Council, adopted the Board's most recent job classification survey and authorized the implementation of the survey by its Resolution #04-238, which included approval of Plaintiff's classification as municipal records supervisor as well as approval of

classification changes for other employees of the City of Homewood determined necessary by Defendant Personnel Board.

19.  In January 2005, personnel action forms necessary to promote Plaintiff to the position of Municipal Records Supervisor, as determined appropriate by the defendant Board, were processed and Plaintiff was assigned as Municipal Records Supervisor provisionally since there existed no certification list from which the Defendant City could select Plaintiff for the new position until the Defendant City of Homewood officially approved that classification.

20.  As Municipal Records Supervisor, Plaintiff received back pay, to compensate her for her previously uncompensated extra duties, along with other employees in about January 2005.

21.  After telling Defendant Cook about working overtime, Plaintiff's relationship with her supervisor, Defendant Cook, worsened as Plaintiff was assigned the job classification of Municipal Records Supervisor. On

13

information and belief, Defendant Cook began to
document Plaintiff even by writing Plaintiff letters
about conversations just had with Plaintiff.

22.  In September 2005, Defendant Cook untruthfully
informed Plaintiff, that the Defendant City intended to
stop all overtime for employees and specifically that
Plaintiff would not be permitted any longer to earn
overtime for her work during City Council meetings.

23.  By the end of September 2005, Defendant Cook,
informed Plaintiff that Defendants would deny any
further overtime opportunities to Plaintiff for her
work at City Council meetings, and notified Plaintiff
that her schedule would be "adjusted" so that Plaintiff
would not have the opportunity to earn overtime.  On
information and belief, Defendants took this action for
the specific purpose of retaliating against Plaintiff,
who once was permitted to work overtime for pay during
those times she worked at a Defendant's City Council
meetings.  Defendants never paid Plaintiff overtime
when she worked at home transcribing those City Council

minutes that she had recorded at the official meetings although the Defendant City offered to reimburse Plaintiff for the cost of a transcription machine, which Plaintiff had purchased to enable her to work many hours at home at night and on weekends.  Although Plaintiff also worked overtime for Defendant City at her home, Plaintiff has never been compensated for that overtime work even though Defendants Cook and City of Homewood knew or should have known Plaintiff was regularly performing overtime work.

24.  In September 2005, Plaintiff's supervisor, Defendant Cook, told Plaintiff that she would continue to take the minutes of the City Council, but that she would not have any overtime opportunities and further, that compensatory time also would not be offered. Defendant Cook also informed Plaintiff that she "could lose" her appointment as Municipal Records Supervisor in a reduction in force. On information and belief, Defendant Cook, contacted the Jefferson County Personnel Board to determine if she could institute a

reduction in force just in the Administration department to which Plaintiff was assigned.  A Personnel Board representative responded that Defendant Homewood could only have a City-wide reduction in force.

25.  In October 2005, Plaintiff continued the duties of Municipal Records Supervisor including such duties as preparing the Defendant City's records retention reports in addition to her other assignments.

26.  Defendant City of Homewood continued to employ Plaintiff provisionally as Municipal Records Supervisor for over one year in specific violation of the rules and regulations of the Personnel Board of Jefferson County, Alabama and unlawfully refused to acknowledge that Plaintiff held the position other than as a provisional worker.

27(a).  In October 2005, Plaintiff, having served in a provisional capacity only as Municipal Records Supervisor for over one year, contacted Defendant Personnel Board regarding her permanent assignment and

16

pay in the position of Municipal Records supervisor.
The Defendant Personnel Board's representatives knew,
as a matter of law, that Plaintiff's long provisional
assignment was unlawful and that the City of Homewood
refused to create such classified position despite the
determinations of the Board.

(b).  By December 2005, Defendants Cook and City
of Homewood opposed Plaintiff's permanent assignment as
municipal records supervisor, and on information and
belief caused the Personnel Board of Jefferson County,
Alabama to withdraw its recommendation of assignment of
Plaintiff to Municipal Records Supervisor.  The City of
Homewood is a customer of the Defendant Jefferson
County Personnel Board and pays part of the financial
support required for the Defendant Personnel Board to
exist.

28.  In January 2006, the Mayor of Defendant City
informed Plaintiff that her permanent reclassification
as Municipal Records Supervisor was now in jeopardy.
The City of Homewood refused to create the position of

17

Municipal Records Supervisor despite the Defendant
Board's findings and recommendation in an effort to
accommodate its customer, Defendant City of Homewood.

29.  In January 2006, Plaintiff was informed by the
Mayor of Defendant City that the Board was recommending
reclassification of the actual duties performed by
Plaintiff to the job of Minute Clerk at pay grade 22.
Further, Personnel Board Director, Lorren Oliver,
agreed that Defendant City could now establish this
position and reclassify Plaintiff under the rules and
regulations as applied during the 2003-2004 Board
survey making Plaintiff immediately eligible for
appointment as minute clerk without further action of
the City Council.

30.  Defendant Cook informed Plaintiff in January
2006, that, instead of Plaintiff's assignment as minute
clerk under the rules and regulations of the Board's
survey, the Defendant City's Council was now going to
consider whether it chose to establish the
classification of minute clerk.  Defendant Cook, in

retaliation for Plaintiff's efforts on promotion, including a grievance, now opposed Plaintiff being classified as minute clerk.  The Defendant City refused to promote Plaintiff to a position of minute clerk within the City of Homewood.

31.  In January 2006, while Plaintiff was continuing to serve as provisional Municipal Records Supervisor and having been promised a promotion to Minute Clerk, Defendant Cook informed Plaintiff that she should not have received merit increases while in provisional status as Municipal Records Supervisor. Defendant City required Plaintiff to consent to deductions from her pay for the full amount of the merit increase she had been paid, and further Defendant City then unlawfully reduced Plaintiff's salary by over $200 per month, which reductions have continued.

32.  In February 2006, the Personnel Board, on learning that Defendant City was denying pay increases to Plaintiff in her provisional status, advised Defendant City, that it was deleting Plaintiff's

provisional appointment as Municipal Records
Supervisor, in order that Plaintiff could properly
receive merit increases in her permanent
classification.  Further, the Personnel Board required
Defendant City to repay to Plaintiff the pay increases
which Plaintiff had received while in provisional
status for one year, which Defendants had improperly
deducted from her salary.

33.  In February 2006, Defendant City unlawfully
rejected the findings of the Board regarding
Plaintiff's duties being that of a higher paid Minute
Clerk saying that the Council would not change her
classification "just to give someone a raise".

34.  Defendant Cook actively opposed Plaintiff's
promotion to Minute Clerk and unlawfully refused to
return to Plaintiff the monies ordered by Defendant
Board to reimburse to Plaintiff.

35.  Also in February 2006, Plaintiff, having
already informed her supervisor, Linda Cook, of her
uncompensated hours of work for the City Council at

20

home, wrote each Council member of the Defendant City explaining her work duties and also telling them that she did actually work very hard for the City Council as a minute clerk and had even purchased equipment so that she could work on the Council minutes at home. Plaintiff made every effort to show the City Council the demands of her assigned job responsibilities and her worthiness for promotion to Minute Clerk.

36.  In response to Plaintiff's letter to each of the City Council members regarding her minute clerk duties, Defendant Cook requested a copy of Plaintiff's receipt for transcription equipment Plaintiff had bought and used when working at home for Defendant City, but did not and has not even inquired about the hours which plaintiff had worked overtime at Defendant's Cook instruction.  Defendant Cook then began an active campaign to discredit Plaintiff with the members of the City Council telling them untruthfully that Plaintiff might now be seeking to

have others vote against the council members in an
upcoming election.

37.  Plaintiff, on losing the opportunity to attend
City Council meetings, asked Defendant Cook if
Plaintiff should relinquish the equipment she had
purchased for her home work for the City and also
stated that Plaintiff could not do both administrative
clerk duties and prepare the City Council minutes
during the eight-hour working day.

38.  Defendant Cook, on behalf of herself and
Defendant City, notified Plaintiff in March 2006, that
Defendant City only wanted to repay Plaintiff for the
equipment Plaintiff had purchased for her overtime
work.  Defendant Cook told Plaintiff that if Plaintiff
could provide the City with proof of her equipment
purchase, the City could consider reimbursing Plaintiff
for her transcription equipment expense.  Plaintiff did
provide that proof and the City of Homewood issued her
a check in the exact amount of Plaintiff's payment for
the transcribing equipment.

39.  Defendants did not and have never requested Plaintiff return the equipment Plaintiff purchased for the purpose of working at home for Defendant City nor paid Plaintiff for her regular or overtime hours worked for the benefit of Defendants Cook and City of Homewood.

40.  Plaintiff continued to work for Defendants at home after her official working hours without ever having been compensated for the overtime hours required for her to do the work, which uncompensated work improperly and unlawfully has been required of her to maintain the Administrative Assistant IV pay and benefits.

41.  In March 2006, Defendant City had asked for verification from its finance director that Plaintiff had paid back to the City the amount of the merit raise she had received while assigned by Defendant the provisional classification of Municipal Records Supervisor.

23

42.  In April 2006, the Board met with Defendant Cook and City Homewood and strongly supported the Plaintiff's promotion and reclassification as Minute Clerk noting that Plaintiff was performing those duties and had those responsibilities of this classification.

43.  One day after an April 2006 meeting described above, counsel for Defendant City, Mike Kendrick, requested that the Jefferson County Personnel Board produce all written documents from its personnel and other files relating to Plaintiff.

44.  On April 13, 2006, Plaintiff wrote the Board's director saying that she believed that she was working out of classification and asked for a Board review of that issue, and Plaintiff asked for a board review of Plaintiff's salary reduction by Defendant City for having been paid a merit increase while in provisional job status.

45.  In May 2006, Defendants refused to have a designated position for Minute Clerk in the City of

Homewood, and Plaintiff was denied promotion to Minute
Clerk, while continuing Minute Clerk duties.

46.   The Personnel Board determined on a date
unknown to Plaintiff that Defendant had improperly
reduced Plaintiff's salary when it took back from her
salary a small merit raise it had previously awarded to
Plaintiff while she remained in provisional status.
The Board instructed Defendant City that the
appropriate action was at least to restore Plaintiff's
salary by the amount improperly deducted by Defendant.
Defendant City has failed and refused to follow that
Board recommendation related to even small pay benefits
to which Plaintiff was entitled under the rules and
regulations of the Board on account of Plaintiff's
properly seeking appropriate pay.  The Defendant Board
has knowingly, improperly and unlawfully certified the
payrolls of the City of Homewood as correct, including
the pay of Joyce Franklin, when the Board had actual
knowledge that its certification, as to Plaintiff, was
false.

25

47.  In May 2006, Plaintiff filed with the Jefferson County Personnel Board a grievance, which grievance was refused by the City as not grievable. Plaintiff appealed that refusal of her grievance in accordance with the administrative procedure established by the Personnel Board, which grievance was never heard or considered by the Personnel Board regarding retaliation against her.  Plaintiff was also denied by Defendant Personnel Board's action an appropriate classification, and denied appropriate compensation for Plaintiff's overtime as well as other matters.

Plaintiff has exhausted all administrative remedies and she has no other avenue for redress other than this action.

48.  All Defendants know Plaintiff has worked countless hours of overtime transcribing hours of City Council meetings, but Defendant City of Homewood has intentionally failed and refused to lawfully compensate Plaintiff despite its actual knowledge of such overtime work. Defendant Jefferson County Personnel Board has

failed and refused to require that Plaintiff be compensated in accordance with its own findings of her duties she was performing when those findings were made.

49.  Plaintiff has suffered retaliation from Defendants for seeking promotion to an appropriate classified position, for appearing to claim entitlement for overtime pay, and for seeking an appropriate pay grade and for seeking due process and equal treatment under state laws and regulations, and for filing a grievance regarding her discriminatory treatment by Defendants City and Cook.  The retaliation by Defendants against Plaintiff violates state law and regulation applicable to the Jefferson County Personnel Board, 42 U.S.C. § 1983, and the Fair Labor Standards Act of 1938, as amended. 29 U.S.C. 215(a)(3).  That continuing retaliation includes diminishing the duties and responsibilities, which the Plaintiff has had that would entitle her to a higher-rated job and contribute to her enjoyment of the work that she has performed until she complained that she should be paid consistent with state

27

and federal laws by notifying her supervisor and the
City and then filing a grievance and this judicial
complaint.

## COUNT I

50.  All of the allegations of paragraphs one
through forty-nine and as set forth in the Introduction
and Factual Background above are incorporated as if
fully set forth in this Count I of the Complaint.

51.  Defendant City of Homewood has willfully and
wantonly ignored the laws of Alabama applicable to
Plaintiff's current employment with the City of Homewood
and negligently disregarded the applicable rules and
regulations of the Jefferson County Personnel Board
applicable to it thereby depriving Plaintiff of the pay
and position to which she has been entitled and to which
others similarly situated would be entitled.  These
violations deprive Plaintiff of the property interest in
her employment secured to her in the due process clauses
of the United States and Alabama Constitutions and which
are also made applicable to the Defendant under state

28

law and regulation through 42 U.S.C. §1983, including
but not limited to the laws establishing the Personnel
Board of Jefferson County, Alabama and its implementing
regulations.

52.  As a proximate cause of Defendant's unlawful
actions, including negligence and/or wantonness,
Plaintiff has been caused to suffer injury in loss of
reputation and standing among her peers and has been
caused to suffer humiliation, severe mental and
emotional distress in addition to loss of financial
benefits of pay, pension and other retirement benefits
calculated on the basis of her classification and pay
grade.

53.  Plaintiff demands $250,000 in compensation for
the violations described in this Count I of the
Complaint.

## COUNT II

54.  All of the allegations of paragraphs one
through fifty-three and as set forth in the Introduction

29

and Factual Background are incorporated in this Count II
of the Complaint as if fully set out herein.

   55.  Defendants in reckless disregard of the true
facts and duties imposed upon them by state law and
regulation applicable to Defendant Board and Defendant
City of Homewood, have deprived Plaintiff of employment
opportunities and her contractual rights by denying to
Plaintiff the pay and benefits of the duties which
Plaintiff has continually well performed for the benefit
of Defendant City of Homewood and Defendant Cook.  By
denying Plaintiff the benefits of the merit system for
which the Jefferson County Personnel Board and merit
system was established, Plaintiff has been denied the
same right to make and enforce contracts as is available
to other employees subject to the jurisdiction of the
Personnel Board. Further, Plaintiff has been denied the
same treatment and protection granted to other employees
within the merit system of the City of Homewood, and
relief through due process of the laws in violation of
the United States constitution which secures to

30

Plaintiff through 42 USC §1983 those rights and the right under the Alabama Constitution, Article I, Sections 13 and 22.

56.  Defendants unlawful actions have affected Plaintiff's physical and mental health and deprived her and her family of the benefits and rights to which she is lawfully entitled.  Plaintiff demands, therefore, judgment in the amount of $500,000 for compensatory, nominal, liquidated and such other damages and equitable and legal relief, including her costs and attorneys fees, as may be available to her under the law and facts.

## COUNT III

57.  All of the allegations of paragraphs one through fifty-six and as set forth in the Introduction and Factual Background are incorporated in this Count III of the Complaint as if fully set out herein.

58.  Defendants have negligently, but with reckless disregard of the true facts and duties and lawful responsibilities imposed upon them by law, have deprived

Plaintiff of employment opportunities by acting to
interfere and deny Plaintiff opportunities for pay and
benefits commensurate with her duties, which Plaintiff
has willingly and well performed for the benefit of
Defendant City of Homewood.  Defendant Cook, through her
actions as supervisor of Plaintiff, has actively sought
to interfere with Plaintiff's economic opportunities in
violation of state law.

59.  Defendant City of Homewood has irreparably
harmed Plaintiff in depriving her of pay and benefits to
which she is entitled and has knowingly and willfully
disregarded applicable decisions and rules related to
the public employment merit system in Jefferson County
operated by the defendant Personnel Board  when it
suited Defendant's unlawful purposes and used those same
rules of the public merit system when it determined
those rules and decisions were useful in its arbitrary
and discriminatory treatment of Plaintiff.

60.  Because Plaintiff sought promotion and
appropriate pay through all proper administrative

32

channels and because Plaintiff has repeatedly sought
overtime work from Defendant City of Homewood, and
payment for past uncompensated time, Defendants Cook and
City of Homewood set out in a plan to punish and
retaliate against Plaintiff in violation of the Fair
Labor Standards Act and in violation of state law and
constitutional provisions assuring Plaintiff that her
compensation and duties would be fairly assigned and
that she would not lose employment opportunities on
account of seeking promotion, grieving about denial of
appropriate compensation/classification and filing this
action.

61.  Plaintiff has suffered embarrassment and
humiliation in being the victim of a scheme to deny her
an appropriate pay and classification and to punish her
and teach her a lesson that she should never oppose any
action of Defendant Cook or Defendant City of Homewood
by seeking the assistance of the Board and its governing
laws and regulations. Defendant Cook has used her
position as supervisor to unlawfully and intentionally

33

stop Plaintiff's reimbursement of monies owed to her by
the City of Homewood despite the clearly established law
to the contrary.  Defendant Cook has harassed and
retaliated against Plaintiff by denying her any
opportunities for overtime Plaintiff previously has had
and by removing from her all assignments that utilize
Plaintiff's proven abilities and justify her
promotability under the existing merit system.
Defendant Cook has designed a scheme whereby Plaintiff
is the only member of her department who now works on a
special schedule, which schedule adversely affects the
Plaintiff and is designed to deny her economic
opportunities of overtime and duties that would allow
Plaintiff to be eligible for promotion or
reclassification.

    62.  Wherefore, Plaintiff demands judgment in the
amount of $500,000 for nominal, compensatory, and
liquidated damages and to the extent permitted by law,
punitive damages against Defendants Personnel Board and
Cook. Plaintiff also demands of Defendants Personnel

34

Board and City of Homewood the equitable relief of back pay with pre and post judgment interest and an injunction requiring that she be assigned to the pay grade commensurate with her job duties and responsibilities that Plaintiff has had or would have but for the unlawful actions, some of which have occurred during the pendency of this lawsuit.

## COUNT IV

63.  All of the allegations of paragraphs one through sixty-two and as set forth in the Introduction and Factual Background are incorporated in this Count IV of the Complaint as if fully set out herein.

64.  Defendant City has breached its contractual duty owed to Plaintiff to classify and pay Plaintiff based on merit and its duty not to retaliate against Plaintiff because she invoked the laws and contract made for her benefit between Defendant City of Homewood and the Jefferson County Personnel Board and on account of the federal law requiring payment for regular and overtime hours when overtime is worked.

35

65.   Defendants Cook and City of Homewood have
continually retaliated against Plaintiff for pursuing
the rights secured to her by law by investigating all of
Plaintiff's records, by targeting Plaintiff to discover
any evidence of possible mistake or error, and also by
removing from Plaintiff use of an assigned laptop
computer in 2006 as part of some still undisclosed
investigation of her, which office computer has never
been returned to Plaintiff.  Defendants Cook and City of
Homewood have taken these actions for the purpose of
harassing and humiliating Plaintiff and without reason
to believe that Plaintiff has committed any wrong act
other than to seek an appropriate pay classification and
grade and recognition of the work she has contributed to
Defendant in her many hours of uncompensated labor.

66.  Defendant City of Homewood, through its
officials and employees, have engaged in a scheme to
deny Plaintiff recognition and compensation and benefits
for her work within the City of Homewood by continually
denying her relief determined by the Personnel Board

36

regarding Plaintiff's job duties, classification and benefits, which unlawful scheme has inflicted mental and emotional distress on Plaintiff and loss of income, loss of job assignments, and other economic benefits for Plaintiff as well enjoyment of her job.  When the Defendant City opposed the Personnel Board's employment decisions regarding job advancement and pay for Plaintiff, the Personnel Board abandoned its lawful duties and responsibilities and previous findings in order to secure continued political support for its authority and did so in direct violation of its contractual duty to Plaintiff as a classified employee and the applicable state laws and regulations applicable to the Personnel Board.

67.  Plaintiff seeks from defendants such compensatory, punitive (excluding the City of Homewood), nominal and other damages, included liquidated damages, to which she may be entitled under the law and facts.

**WHEREFORE,**

1.   Plaintiff additionally prays that the Court will order declaratory relief through an order identifying and ordering that the acts and practices of Defendants in denying to Plaintiff an appropriate classification with appropriate pay and benefits are unlawful and declaring that the merit protection laws, including laws prohibiting retaliation, are available for the protection of Plaintiff and must equally and fairly enforced, and

2.   Plaintiff prays that the Court will enjoin Defendants from the continuation of the unlawful acts and practices set forth above, and

3.   That such compensatory, nominal and punitive damages (excluding the City of Homewood from this punitive damage request) may be awarded to Plaintiff from Defendant Cook and the Defendant Jefferson County Personnel Board as the jury may assess after a full and fair consideration of the facts, and

4.   That Plaintiff be awarded appropriate back pay, including prejudgment interest on that back pay, front

pay and post judgment interest until such time as Plaintiff is made whole.

5.    Plaintiff has been irreparably harmed by Defendant's unlawful acts and practices and has no other administrative remedy, having exhausted all administrative remedies purportedly available to her, but denied to her.

6.    Plaintiff prays that the Court will award from Defendants her reasonable attorney's fees, costs and expenses incurred on account of the violations of these Defendants and such other legal and equitable relief as may be awarded under the facts and laws.

## PLAINTIFF'S JURY DEMAND

The Plaintiff demands a trial by jury on all of her legal claims.

Submitted,


<u>S/Susan Williams Reeves</u>
Susan Williams Reeves
714 South 29th Street
Birmingham, AL  35233-2810
205-322-6631
ASB 4970 V84S

39

Attorney for Plaintiff


CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing document with the United States District Court, Northern District of Alabama on this the 24th day of March, 2008, using the CM/ECF system which will send notification of such filing to the following: Timothy P. Donahue, Thomas S. Hale, Michael Kendrick, Terry A. Sides and Susan J. Walker.


S/Susan Williams Reeves
Of Counsel


Serve Defendant Jefferson County Personnel Board, by certified

mail at the following address:2121 8th Avenue North
Birmingham, Alabama 35203

40