FILED

2009 May-20  PM 02:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


| | | |
|---|---|---|
| JOYCE FRANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:07-cv-006-TMP |
| | ) | |
| CITY OF HOMEWOOD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

This matter is before the court on plaintiff Joyce Franklin's motion for partial summary judgment against defendant City of Homewood filed October 8, 2008 (Doc. #136). Homewood filed a brief in opposition, and the plaintiff filed a reply. Homewood also filed a motion to strike portions of the plaintiff's reply brief (Doc. #166). Plaintiff filed a response to the motion to strike, and Homewood filed a motion to strike that response (Doc. #183). At issue in these matters is plaintiff's contention that she is entitled to summary judgment on a negligence claim against Homewood, and Homewood's contention that some or all of plaintiff's replies are due to be stricken. Other motions for summary judgment have been filed by the defendants, and will be addressed in a separate Report and Recommendation.

<u>SUMMARY JUDGMENT STANDARD</u>

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. <u>Celotex</u>, 477 U.S. at 322-23. There is no requirement, however, "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." <u>Id</u>. at 323.

Once the moving party has met her burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by its own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file,' designate 'specific facts showing that there is a genuine issue for trial.'" <u>Id</u>. at 324 (quoting Fed. R. Civ. P. 56(e)). The nonmoving party need not present evidence in a form necessary for admission at trial; however, it may not merely rest on its pleadings. <u>Celotex</u>, 477 U.S. at 324. Although "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient

2

to establish the existence of an element essential to that party's case, *and on which that party will bear the burden of proof at trial*," Id. at 322, on this plaintiff's motion for partial summary judgment, it is the plaintiff who necessarily bears the burden of proving her claim at trial. In opposing a motion for summary judgment, defendant Homewood does not assume a burden of evidentiary proof greater than what it may be required to meet at trial, if any.

The court must grant the motion if there is no genuine issue of material fact and the moving party, in this case, the plaintiff, is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The substantive law will identify which facts are material and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. His guide is the same standard necessary to direct a verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52; see also Bill Johnson's Restaurants, Inc. v. N.L.R.B., 461 U.S. 731, 745 n.11 (1983). However, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson, 477 U.S. at 249 (citations omitted); accord Spence v. Zimmerman, 873 F.2d 256 (11th Cir. 1989). Furthermore, the court must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find

3

for the plaintiff.  Anderson, 477 U.S. at 254; Cottle v. Storer Communication, Inc., 849 F.2d 570,

575 (11th Cir. 1988).  Nevertheless, credibility determinations, the weighing of evidence, and the

drawing of inferences from the facts are the function of the jury, and therefore the evidence of the

non-movant is to be believed and all justifiable inferences are to be drawn in his favor.  Anderson,

477 U.S. at 255.  The non-movant need not be given the benefit of every inference but only of every

reasonable inference.  Brown v. City of Clewiston, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).


## FACTS

The defendant City has not disputed the basic facts set forth by the plaintiff in her motion for

partial summary judgment.  Accordingly, based on the evidence offered by plaintiff in support of her

motion, the following facts are accepted as true:

Prior to January 2005, plaintiff was employed by the City of Homewood, assigned to the City

Clerk's Office.  The City Clerk, and plaintiff's direct supervisor, was defendant Linda Cook.  As an

employee of Homewood, plaintiff was a classified employee under the legal structure, rules, and

regulations of the Jefferson County Personnel Board ("JCPB").  The JCPB is established by

Alabama law as a merit-based employment system, under which its member municipalities and

county agencies, including the City of Homewood, hire employees based upon testing and

classification administered by the JCPB.  The JCPB sets and promulgates rules and regulations

regarding the hiring, classification, promotion, compensation, and termination of municipal

employees in Jefferson County.

4

As of January 2005, plaintiff Franklin was classified as an Administrative Assistant IV.  On January 1, 2005, she was "provisionally" reclassified as a Municipal Records Supervisor, which resulted in her receiving an increase in pay from a Grade 19, Step 9, to a Grade 21, Step 8.  Her hourly rate of pay went from $24.39 to $26.11.  (See Email of August 18, 2006, from Sheryl P. Campbell to Danny Panos, attached as exhibit to plaintiff's affidavit).  Plaintiff continued in that "provisional" classification throughout 2005, but on or about January 20, 2006, Homewood received information from the JCBP that the provisional classification as Municipal Records Supervisor was not proper for plaintiff, and it recommended that she again be classified as an Administrative Assistant IV.

Meanwhile, on August 15, 2005, plaintiff received her annual merit raise, which would have advanced her from Grade 19, Step 9 to a Step 10.  Following the deletion of the "provisional" appointment, Homewood determined that plaintiff was erroneously awarded the merit increase, believing that a merit increase for the Administrative Assistant IV position was not proper while plaintiff was in a provisional classification for Municipal Records Supervisor.  In late January 2006, Linda Cook directed plaintiff to see Danny Panos, Homewood's Finance Director, about repaying the City what it believed was an overpayment of plaintiff's salary after August 2005, due to the merit increase.  Plaintiff met with Panos and Cook, and signed an agreement to have the alleged overpayment deducted from her paycheck and to have her regular pay reduced to the previous Grade 19, Step 9 level.  The deductions occurred in plaintiff's next paycheck, dated January 31, 2006.  (See Plaintiff's Affidavit, p. 2).  She was required to reimburse the City the amount of

$800.80, reflecting the supposed overpayment for seven pay periods from October 1, 2005, to January 30, 2006.

Almost immediately after signing the agreement, plaintiff questioned the correctness of the City's actions. On January 30, 2006, plaintiff contacted Sheryl P. Campbell at the JCBP to clarify her pay status. Plaintiff testified by affidavit that,

> I continued to have questions in my mind about the accuracy of what the City had done in having me reimburse that money. I understood that under Personnel Board rules, if an employee is in a promotional position, the employee should receive at least a salary that is higher than in their [sic] previous lower classification. I contacted Sheryl Campbell of the Jefferson County Personnel Board on January 30, 2006, regarding my concerns, and based on what Ms. Campbell told me, I also asked my supervisor, Linda Cook, to please verify the accuracy of these deductions.

(See Plaintiff's Affidavit, p. 2). On February 6, 2006, plaintiff was copied on an email from Linda Cook to Finance Director Panos, in which Cook stated that plaintiff should be in pay Grade 19, Step 10, and that the merit increase deducted by the City should be reinstated and plaintiff reimbursed approximately $800 she was required to pay back to the City. (See Cook email, dated February 6, 2006, attached as an exhibit to plaintiff's affidavit). In April 2006, plaintiff wrote two letters to the JCPB requesting clarification. In one of the letters, undated but apparently written soon after an April 3, 2006, Finance Committee meeting, she stated, "As I understand the Personnel Board rules, the merit increases associated with the employee's old classification continue to incur [sic] while such employee is in a Provisional status." (See Plaintiff's Affidavit, Exhibit 2).

On or about April 25, 2006, the mayor of Homewood received a letter from the JCPB indicating that plaintiff's correct classification was as an Administrative Assistant IV, with a pay grade of Grade 19, Step 10.  (See Plaintiff's Affidavit, Exhibit 3).

The matter was not resolved immediately.  On June 23, 2006, plaintiff asked Homewood's senior accountant to clarify with the Personnel Board her correct pay status.  For two months thereafter, Homewood sought clarification from the JCPB, with emails being exchanged between Homewood officials and the JCPB in July and August.  Ultimately, on August 22, 2006, Finance Director Panos received clarification and concluded in an email to defendant Cook that the reduction of plaintiff's pay was incorrect and that "We are going to owe Joyce $1,286.13 gross for period Aug. 15, 2005 to January 31, 2006.  This will be $1,258.40 in salary and $27.73 in O/T."  Although Panos requested permission to make the payment to plaintiff, the council president, Jennifer Busby, asked for a further explanation.  On September 13, 2006, the JCPB wrote a letter to the mayor of Homewood, explaining the Personnel Board rule requiring the plaintiff's pay adjustment.  (See Plaintiff's Affidavit, Exhibit 10).

 On November 13, 2006, the plaintiff filed a Notice of Claim with the City of Homewood, which stated that, in January 2006, plaintiff was serving as a provisional Municipal Records Supervisor for the defendant City of Homewood.  Defendant Linda Cook informed plaintiff that she should not have received merit increases while working in a provisional status, and that she would be required to reimburse the City for the merit increase she had been paid.  The City then reduced plaintiff's paycheck by $200 per month.  In February 2006, the defendant Personnel Board advised Homewood that it was "deleting Franklin's provisional appointment ... in order that Franklin could

properly receive merit increases in her permanent classification." The Board also "required" that the merit increases be reimbursed to Franklin. On April 13, 2006, plaintiff wrote the Board, seeking a review of her salary reduction. The Board determined that the reduction had been improper, and instructed Homewood to restore the amount improperly deducted. The Notice of Claim further alleged that Homewood had "failed and refused to follow that Board recommendation."

Plaintiff filed the complaint which commenced this action in Jefferson County Circuit Court on November 13, 2006, the same day she filed the Notice of Claim with Homewood. The action was removed to this court on January 2, 2007. Her complaint was amended on March 24, 2008, in which she alleged four counts, which are set forth *verbatim* below[1]:

## COUNT I

50. All of the allegations of paragraphs one through forty-nine and as set forth in the Introduction and Factual Background above are incorporated as if fully set forth in this Count I of the Complaint.

51. Defendant City of Homewood has **willfully and wantonly ignored** the laws of Alabama applicable to Plaintiff's current employment with the City of Homewood and **negligently disregarded the applicable rules and regulations** of the Jefferson County Personnel Board applicable to it thereby **depriving Plaintiff of the pay and position to which she has been entitled and to which others similarly situated would be entitled**. These violations **deprive Plaintiff of the property interest in her employment** secured to her in the due process clauses of the United States and Alabama Constitutions and which are also made applicable to the Defendant under state law and regulation through **42 U.S.C. §1983**, including but

---

[1]    The court has set out at length the four counts of the Amended and Corrected Complaint to show the difficulty involved in identifying the actual legal theories being relied upon by the plaintiff. All four counts muddle together language suggestive of several legal theories without ever clearly stating any theory. The court has bolded the potential operative language found in the counts of the complaint to emphasize the unfocused and scattered nature of the allegations.

not limited to the laws establishing the Personnel Board of Jefferson County, Alabama and its implementing regulations.[2]

52. As a proximate cause of Defendant's unlawful actions, **including negligence and/or wantonness**, Plaintiff has been caused to suffer injury in loss of reputation and standing among her peers and has been caused to suffer humiliation, severe mental and emotional distress in addition to loss of financial benefits of pay, pension and other retirement benefits calculated on the basis of her classification and pay grade.

53. Plaintiff demands $250,000 in compensation for the violations described in this Count I of the Complaint.

## COUNT II

54. All of the allegations of paragraphs one through fifty-three and as set forth in the Introduction and Factual Background are incorporated in this Count II of the Complaint as if fully set out herein.

55. Defendants in **reckless disregard of the true facts and duties imposed upon them by state law** and regulation applicable to Defendant Board and Defendant City of Homewood, have **deprived Plaintiff of employment opportunities** and her **contractual rights by denying to Plaintiff the pay and benefits** of the duties which Plaintiff has continually well performed for the benefit of Defendant City of Homewood and Defendant Cook. By denying Plaintiff the benefits of the merit system for which the Jefferson County Personnel Board and merit system was established, **Plaintiff has been denied the same right to make and enforce contracts as is available to other employees** subject to the jurisdiction of the Personnel Board. Further, **Plaintiff has been denied the same treatment and protection granted to other employees** within the merit system of the City of Homewood, **and relief through due process of the laws in violation of the United States constitution which secures to Plaintiff through 42 USC §1983** those rights and the right under the Alabama Constitution, Article I, Sections 13 and 22.

56. Defendants unlawful actions have affected Plaintiff's physical and mental health and deprived her and her family of the benefits and rights to which she is lawfully entitled. Plaintiff demands, therefore, judgment in the amount of $500,000 for compensatory, nominal, liquidated and such other damages and equitable and legal relief, including her costs and attorneys fees, as may be available to her under the law and facts.

---

[2]      This paragraph of Count I is an example of the confusion. This paragraph alone uses terms that are suggestive of claims based on (1) some sort of "wilful or wanton" tort, (2) a negligent tort, (3) deprivation of property without procedural due process of law, and (4) a denial of equal protection compared to "others similarly situated."

COUNT III

57. All of the allegations of paragraphs one through fifty-six and as set forth in the Introduction and Factual Background are incorporated in this Count III of the Complaint as if fully set out herein.

58. Defendants have **negligently**, but with reckless disregard of the true facts and duties and lawful responsibilities imposed upon them by law, have **deprived Plaintiff of employment opportunities** by acting to interfere and deny Plaintiff opportunities for pay and benefits commensurate with her duties, which Plaintiff has willingly and well performed for the benefit of Defendant City of Homewood. Defendant Cook, through her actions as supervisor of Plaintiff, **has actively sought to interfere with Plaintiff's economic opportunities in violation of state law**.

59. Defendant City of Homewood has irreparably harmed Plaintiff in depriving her of pay and benefits to which she is entitled and has knowingly and **willfully disregarded applicable decisions and rules related to the public employment merit system in Jefferson County** operated by the defendant Personnel Board when it suited Defendant's unlawful purposes and used those same rules of the public merit system when it determined those rules and decisions were useful **in its arbitrary and discriminatory treatment of Plaintiff**.

60. Because Plaintiff sought promotion and appropriate pay through all proper administrative channels and because Plaintiff has repeatedly sought overtime work from Defendant City of Homewood, and payment for past uncompensated time, Defendants Cook and **City of Homewood set out in a plan to punish and retaliate against Plaintiff in violation of the Fair Labor Standards Act and in violation of state law and constitutional provisions** assuring Plaintiff that her compensation and duties would be fairly assigned and that she would not lose employment opportunities on account of seeking promotion, grieving about denial of appropriate compensation/classification and filing this action.

61. Plaintiff has suffered embarrassment and humiliation in being the victim of a scheme to deny her an appropriate pay and classification and **to punish her and teach her a lesson that she should never oppose any action of Defendant** Cook or Defendant City of Homewood by seeking the assistance of the Board and its governing laws and regulations. Defendant Cook has used her position as supervisor to unlawfully and intentionally stop Plaintiff's reimbursement of monies owed to her by the City of Homewood despite the clearly established law to the contrary. Defendant **Cook has harassed and retaliated against Plaintiff** by denying her any opportunities for overtime Plaintiff previously has had and by removing from her all assignments that utilize Plaintiff's proven abilities and justify her promotability under the existing merit system. Defendant Cook has designed a scheme whereby Plaintiff is the only member of her department who now works on a special schedule, which schedule adversely affects the Plaintiff and is designed to deny her economic

opportunities of overtime and duties that would allow Plaintiff to be eligible for promotion or reclassification.

62. Wherefore, Plaintiff demands judgment in the amount of $500,000 for nominal, compensatory, and liquidated damages and to the extent permitted by law, punitive damages against Defendants Personnel Board and Cook. Plaintiff also demands of Defendants Personnel Board and City of Homewood the equitable relief of back pay with pre and post judgment interest and an injunction requiring that she be assigned to the pay grade commensurate with her job duties and responsibilities that Plaintiff has had or would have but for the unlawful actions, some of which have occurred during the pendency of this lawsuit.

COUNT IV

63. All of the allegations of paragraphs one through sixty-two and as set forth in the Introduction and Factual Background are incorporated in this Count IV of the Complaint as if fully set out herein.

64. Defendant **City has breached its contractual duty** owed to Plaintiff to classify and pay Plaintiff based on merit **and its duty not to retaliate** against Plaintiff because she invoked the laws and contract made for her benefit between Defendant City of Homewood and the Jefferson County Personnel Board and on account of the **federal law requiring payment for regular and overtime hours** when overtime is worked.

65. Defendants Cook and City of Homewood have continually **retaliated against Plaintiff for pursuing the rights secured to her by law** by investigating all of Plaintiff's records, by targeting Plaintiff to discover any evidence of possible mistake or error, and also by removing from Plaintiff use of an assigned laptop computer in 2006 as part of some still undisclosed investigation of her, which office computer has never been returned to Plaintiff. Defendants Cook and City of Homewood have taken these actions for the purpose of harassing and humiliating Plaintiff and without reason to believe that Plaintiff has committed any wrong act other than to seek an appropriate pay classification and grade and recognition of the work she has contributed to Defendant in her many hours of uncompensated labor.

66. Defendant City of Homewood, through its officials and employees, **have engaged in a scheme to deny Plaintiff recognition and compensation and benefits for her work within the City of Homewood** by continually denying her relief determined by the Personnel Board regarding Plaintiff's job duties, classification and benefits, which **unlawful scheme has inflicted mental and emotional distress on Plaintiff** and loss of income, loss of job assignments, and other economic benefits for Plaintiff as well enjoyment of her job. When the Defendant City opposed the Personnel Board's employment decisions regarding job advancement and pay for Plaintiff, the Personnel Board abandoned its lawful duties and responsibilities and previous findings in order to secure continued political

11

support for its authority and did so in **direct violation of its contractual duty to
Plaintiff as a classified employee and the applicable state laws and regulations
applicable to the Personnel Board.**

      67. Plaintiff seeks from defendants such compensatory, punitive (excluding
the City of Homewood), nominal and other damages, included liquidated damages,
to which she may be entitled under the law and facts.

(Amended Complaint, ¶¶ 50-67).

On September 25, 2008, McCulley gave the plaintiff a sealed envelope containing a letter

which stated that the failure to reimburse plaintiff for deduction in pay was an "innocent oversight".

The letter included a check for $974.77, which represented the amount of the deducted pay, minus

withholding.  The City did not pay any interest on the amount.  Barry McCulley, then the mayor of

Homewood, has testified that the plaintiff was not paid the reimbursement promptly due to "a

mistake in the accounting department."

In her current motion for partial summary judgment, plaintiff asserts that she has set forth a

negligence claim relating to the failure of the City to reimburse her for the amount deducted from

her paychecks, and that the defendant City's admission of an "oversight" or "mistake" constitutes

an admission of liability for negligence.  Accordingly, she argues, she is entitled to summary

judgment in her favor on what she now asserts was the negligent conduct of the City of Homewood.[3]

---

[3]    Plaintiff's initial summary judgment brief (Doc. #136) argues only a negligence
theory.  To the extent that plaintiff seeks summary judgment on any other claim by arguing new legal
theories for the first time in her reply brief, the defendant's motion to strike (Doc. #166) is
GRANTED IN PART.  It is improper to raise new legal theories in the summary judgment reply
brief because this creates an incentive for the summary judgment movant to hold back her best
arguments until the reply brief when the non-movant can no longer respond to them.  See Fisher v.
Ciba Specialty Chemicals Corp., 2007 WL 2995525 (S.D. Ala., Oct. 11, 2007) ("[I]t is improper to
raise new arguments in a reply brief or to recast a motion as something else in the movant's final
briefing opportunity, after it is too late for the nonmovant to respond."); Reliance Ins. Co. of Illinois,

DISCUSSION

An assessment of whether the plaintiff is entitled to summary judgment on a negligence claim first requires the court to evaluate whether the complaint states such a claim for negligence. The complaint is long, rambling, repetitive, and imprecise. Not one of the four counts sets forth the legal theory on which it is based. Furthermore, neither of the parties, in briefing this motion, has described or questioned the legal basis of any of the counts. The court is left to decipher the complaint, and to decide which count, if any, may be construed as one that describes the tort of negligence.[4]

Count I describes "willful and wanton" conduct on the part of Homewood, but further states that Homewood "negligently disregarded" the rules and regulations of the Jefferson County

_____

Inc. v. Richfield Hospitality Serv., Inc, 92 F.Supp. 2d 1329, 1332 (N.D. Ga. 2000) ("In general, a court should not consider arguments raised for the first time in a reply brief."); Aircraft Gear Corp. v. Marsh, 2004 WL 2222262 (N.D. Ill., Sept. 30, 2004) ("When an issue is raised for the first time on reply, the adverse party typically has no opportunity to respond and the record on that issue therefore is developed insufficiently for consideration."); Antoninetti v. Chipotle Mexican Grill, Inc., 2007 WL 2456223 (S.D. Cal., Aug. 23, 2007); Barnette v. City of Phenix City, 2007 WL 3307213 (M.D. Ala., Nov. 6, 2007). To the extent that the defendant seeks to strike plaintiff's submissions on other grounds, the motion to strike (Doc. #166) is DENIED. Defendant's motion to terminate or strike plaintiff's submissions on grounds that they are untimely (Doc. #183) also is due to be and hereby is DENIED.

[4]    In the Report and Recommendation entered to resolve the motions to dismiss similar claims asserted in the original complaint, the court made clear that the plaintiff is not entitled to recover punitive damages against defendant Homewood, and also is not entitled to recover on any claim asserting an intentional tort based on theories of agency or *respondeat superior*. While the motions to dismiss did not directly impact the amended complaint, the same law applies to prohibit the plaintiff from recovering on any such actions. Accordingly, in spite of the fact that the plaintiff continues to use language referring to wilfulness, wantonness, and severe emotional distress, the court does not read the amended complaint as asserting such claims against Homewood. To the extent that plaintiff may argue she has stated such claims against Homewood, they are due to be dismissed.

Personnel Board, "thereby depriving plaintiff of the pay and position to which she has been entitled."

The claim goes on to mention a "property interest" in the job, other "similarly situated" employees,

and the Due Process clauses of both the United States and Alabama constitutions.  Finally, the claim

mentions a federal civil rights statute, 42 U.S.C. § 1983.  While plaintiff's counsel takes a stab at

state common law, federal statutory law, and state and federal constitutional rights, at its core the

claim merely alleges that Homewood failed to pay the plaintiff the correct salary that she was owed

under the rules and regulations of the JCPB.  Because Count I alleges "negligent" disregard for rules

and regulations of the Personnel Board as one of the claim asserted, and because the claim alleges

proximate cause, the court reads this claim as being the one upon which plaintiff must be premising

her motion for summary judgment ground on the alleged negligent conduct of Homewood.

Under Alabama law, negligence is defined as a duty, a breach of that duty, proximate cause,

and injury resulting therefrom.  See, *e.g.*,   Norman v. Southern Guaranty Insurance Co., 191

F.Supp. 2d 1321, 1337 (M.D. Ala. 2002).  In order for the plaintiff to prove negligence, she first

must prove that the defendant had a legal duty.  In the absence of such a duty, no action may lie.

See, *e.g.*, Graveman v. Wind Drift Owners' Association, 607 So. 2d 1999 (Ala. 1992); Thompson

v. Mindis Metals, Inc., 692 So. 2d 805, 807 (Ala. 1977).  The duty to pay plaintiff that is alleged to

have been breached in this case arises from an employment contract, which plaintiff only imprecisely

identifies as arising from the rules and regulations of the JCPB.  It is clear, however, that the duty

allegedly breached is not the type of a duty of reasonable care that gives rise to liability in tort law.

A party's negligent failure to perform a contract is "but a breach of the contract."  Vines v. Crescent

Transit Co., 85 So. 2d 436, 440 (Ala. 1956).  Furthermore, the general rule in Alabama is that, with

the exception of insurance contracts, a failure to perform a contractual obligation is not a tort. Temploy, Inc., v. Companion Property and Casualty Ins. Co., 2008 WL 4495782 at *3 (S.D. Ala. 2008).  Where a plaintiff's negligence claim is "founded upon the exact same conduct that serves as the basis for their breach of contract claim ... [the] duty springs from the [contract] — not circumstances independent of, or extraneous to, that contract." 2008 WL 44985782 at *3.  As in Temploy, the negligence claim asserted here is simply a breach-of-contract claim "improperly cast" as a tort claim, and is not cognizable here.

The court finds no basis for plaintiff's contention that the act of failing to pay an employee her correct and proper compensation constitutes negligence in the execution of the employment contract between the employee and the employer.  The plaintiff has provided no citation to any source for such a legal duty to exercise reasonable care in assuring that an employee is paid at the correct rate, nor has she pointed to any case in which such a failure to pay was deemed to be negligence.  Proper payment of the agreed upon rate of compensation is a benefit of the bargain struck between the employee and the employer.  In this case, the agreed upon rate of compensation arises directly from the rules and regulations of the JCPB, to which both plaintiff, as a classified employee, and the City of Homewood, as a municipal employer in Jefferson County, are subject. However examined, the rate of pay is a contract provision, and failure to pay correctly under the contract is simply a breach of that contract, not a separate negligence tort.

The nature of the loss suffered by the plaintiff in this regard underscores the essential contractual nature of this claim.  Here, plaintiff alleges that the injury she suffered due to Homewood's "negligent" failure to pay her according to JCPB rules was a reduction in her pay.  She

suffered no other or different personal injury due to the "negligent" failure to pay her the proper rate

of pay. What she suffered was the loss of the benefit of the bargain defined by the employment

contract between her and Homewood, defined pursuant to the JCPB rules. Under the contract, she

was entitled to be paid at the rates of pay established by the JCPB's classification system, and when

Homewood incorrectly determined that her rate of pay was not proper under JCPB rules, it did

nothing more than breach the employment agreement. It did not proximately cause any other injury

separate and apart from the *contractual* benefit to which plaintiff was entitled. The inexorable

conclusion is that the right to be paid in exchange for one's labor arises under contract law, and an

action to recover those wages does not sound in tort. Her remedy against Homewood for this

particular claim is in contract, not in tort.

Furthermore, even if plaintiff's pay-reduction claim can be cast as a negligence tort[5] under

state law, it is barred by her failure to file a notice of claim with the City within the time required by

Alabama Code §§ 11-47-23 and -192. These statutes provide the following:

> All claims against the municipality (except bonds and interest coupons and claims
> for damages) shall be presented to the clerk for payment within two years from the
> accrual of said claim or shall be barred. Claims for damages growing out of torts
> shall be presented within six months from the accrual thereof or shall be barred.

Alabama Code § 11-47-23, and

---

[5]    Defendant Homewood also correctly points out that, to the extent that the plaintiff
asserts that the failure to pay her arose from some intentional wrongful conduct by Defendant Cook,
the City is not liable for the intentional torts of its agents or employees. Borders v. City of
Huntsville, 875 So. 2d 168, 183 (Ala. 2003). For this reason, the court reads plaintiff's claim as
asserting only negligence on the part of Homewood and its officials.

> No recovery shall be had against any city or town on a claim for personal injury received, unless a sworn statement be filed with the clerk by the party injured or his personal representative in case of his death stating substantially the manner in which the injury was received, the day and time and the place where the accident occurred and the damages claimed.

Alabama Code § 11-47-192.  Read together under the facts of this case, these statutes required the plaintiff to file her "sworn statement" with the City Clerk within six months "after the accrual" of her personal-injury tort claim, stating the date and place where the injury occurred and the amount of damages claimed.  Although the purpose of the statutes is to give the City notice of the claim and a chance to investigate it, "technical accuracy" is not required.  "Substantial" compliance with the statutes is enough, as long as no "material" omission occurs.  See Etherton v. City of Homewood, 741 So. 2d 1078, 1080-1081 (Ala. 1999); Brasher v. City of Birmingham, 341 So. 2d 137, 138 (Ala. 1976).  Nevertheless, timeliness under § 11-47-23 is essential.  The six-month tort limitation is in the nature of a statute of non-claims, not simply a statute of limitation.  City of Birmingham v. Davis 613 So. 2d 1222, 1224 (Ala. 1992).  As the Alabama Supreme Court explained in Davis:

> Section 11-47-23 provides, "Claims [against a municipality] for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred."  The Court has held:

>> Some presentation of the claim within six months of its accrual is mandatory.  Frazier v. City of Mobile, 577 So. 2d 439 (Ala. 1991). A cause of action accrues as soon as the party in whose favor it arises is entitled to maintain an action thereon.  Buck v. City of Rainsville, 572 So. 2d 419 (Ala. 1990).  In Diemert v. City of Mobile, 474 So. 2d 663 (Ala. 1985), we held that the filing of an action within the six-month period was sufficient presentment of the claim to comply with §§ 11-47-23 and -192, Diemert, at 666.

Id. at 1223-1224 (quoting Hill v. City of Huntsville, 590 So. 2d 876, 876 (Ala. 1991)).

In this case, plaintiff's claim that Homewood "negligently" breached her employment contract by reducing her pay and requiring her to reimburse the City for alleged excessive compensation accrued when it resulted in the actual reduction of her pay on January 31, 2006. Although the accrual of her "negligence" claim was not dependent upon plaintiff's recognition or discovery of her claim, it should be noted that plaintiff knew immediately when her pay was reduced, and, further, suspected at that time that the reduction was not correct. To the extent that it can be alleged that Homewood "negligently" failed to calculate her compensation in accordance with JCPB rules, that negligence occurred and resulted in damage to the plaintiff by no later than January 31, 2006.

Nor does it matter for "accrual" purposes that plaintiff continued to suffer a diminution of pay for several months after January 2006. In Alabama, a tort action accrues when any damage has occurred, even if the extent of damage is unknown or subsequent damage continues to occur. The Alabama Supreme Court has written the following as the rule:

> It is settled law in Alabama that the statutory limitations period begins to run when the cause of action accrues:
>
> > "If the act of which the injury is the natural sequence is of itself a legal injury to plaintiff, a completed wrong, the cause of action accrues and the statute begins to run from the time the act is committed, be the actual damage ... however slight, and the statute will operate to bar a recovery not only for the present damages but for damages developing subsequently and not actionable at the time of the wrong done; for in such a case the subsequent increase in the damages resulting gives no new cause of action. Nor does plaintiff's ignorance of the tort or injury, at least if there is no fraudulent

> concealment by defendant, postpone the running of the statute until
> the tort or injury is discovered."

> Garrett v. Raytheon Co., 368 So. 2d 516, 519 (Ala. 1979), quoting Kelly v.
> Shropshire, 199 Ala. 602, 75 So. 291 (1917), as quoted in Home Insurance Co. v.
> Stuart-McCorkle Inc., 291 Ala. 601, 608, 285 So. 2d 468, 473 (1973).

Jackson v. Secor Bank, 646 So.2d 1377, 1379 (Ala. 1994); see Life Insurance Co. of Georgia v. Smith, 719 So.2d 797, 802 (Ala. 1998) ("In general, a negligence cause of action accrues when a plaintiff is entitled to maintain an action, even if at that time the full amount of damage may not be apparent."). Thus, even though plaintiff's damages were not complete on January 31, 2006, she suffered damage that day as a direct result of Homewood's alleged "negligent" fail to follow JCPB rules.

Plaintiff did not filed her notice of claim with the City of Homewood until November 13, 2006, well more than six months after plaintiff's "negligence" claim accrued. The mere fact that defendants Cook (as City Clerk) and the City of Homewood were actually aware of the plaintiff's assertion that the pay reduction was not correct is not sufficient to comply with the notice-of-claim statutes. See Stabler v. City of Mobile, 844 So. 2d 555, 567 (Ala. 2002) ("Although Alabama courts have not required strict compliance with the notice-of-claim statutes, Alabama courts have refused to accept actual knowledge of a potential claim as a substitute for compliance with the notice-of-claim statutes."); Large v. City of Birmingham, 547 So. 2d 457, 458 (Ala. 1989). Thus, even if plaintiff has stated a claim for negligent failure to pay her in accordance with the rules of the JCPB, the claim is barred by her failure to file a notice of claim with the City within six months after it accrued in January 2006.

19

The court finds, therefore, that plaintiff's motion for summary judgment on Count I is due to be denied for either of these two reasons. The court is skeptical that plaintiff has even stated a "negligence" claim relating to her January 2006 pay reduction, but if she has, the claim is barred under Alabama law for her failure to file a timely notice of claim with the City of Homewood. Consequently, for purposes of her own Rule 56 motion, she has failed to show that she is entitled to judgment as a matter of law, and her motion for partial summary judgment on a "negligence" claim against defendant Homewood must be denied.

## OTHER CLAIMS IN THE COMPLAINT

Although the instant motion for partial summary judgment represents only a dispute as to plaintiff's claim for negligent failure to pay her salary according to JCPB rules, the court finds it useful to set out its reading of the remainder of the plaintiff's complaint. As explained above, the Amended and Corrected Complaint is very difficult to understand because plaintiff has made little or no attempt to identify the alleged facts with particular legal claims. To bring clarity to the case, the court has attempted to parse the complaint to denominate the claims plaintiff seeks to assert. To the extent that plaintiff asserts that her negligence claim is encompassed in some other count of her amended complaint, the motion for partial summary judgment also is due to be denied. In attempting to make some sense of the rambling complaint, which alleges only four counts, the court has concluded that each count pleads the legal theories described below.

Although the word "negligent" or "negligently" appears three times in the 40-page complaint, the conduct of the defendant City, and of all other defendants, is consistently described as

intentional, willful, wanton, and retaliatory.  Plaintiff sums up her position in paragraph 48 of the

Complaint, at page 26, in stating that "Defendant City of Homewood has intentionally failed and

refused to lawfully compensate Plaintiff despite its actual knowledge of such overtime work."  The

only time she describes Homewood's acts as negligent are in stating that (1) the City "negligently

disregarded the applicable rules and regulation of the Jefferson County Personnel Board ... depriving

Plaintiff of the pay and position to which she has been entitled."  (Complaint, p. 51, p. 28); and (2)

that all defendants "negligently, but with reckless disregard of the true facts and duties and lawful

responsibilities imposed upon them by law, have deprived Plaintiff of employment opportunities by

acting to interfere and deny opportunities for pay and benefits." In all uses of the term negligent,

plaintiff is merely alleging that defendant Homewood failed to pay her the wage it was obligated to

pay her.  Such a failure to pay may constitute a breach of a contract, and may constitute a violation

of the FLSA.  It does not, however, constitute negligence.

Turning to the specific allegations of each count of the complaint, the court reads them as

alleging the following claims:

### A. Count II

Count II accuses defendants of acting with "reckless disregard of the true facts," and

depriving plaintiff of "employment opportunities and her contractual rights".  The claim further

mentions plaintiff's right to "make and enforce contracts" and asserts a denial of the "due process

of the laws in violation of the United States [C]onstitution." Plaintiff further invokes § 1983 and the

Alabama Constitution.  The only facts alleged in Count II that make it different than Count I is the

allegation that "Plaintiff has been denied the same treatment and protection granted to other

21

employees within the merit system of the City of Homewood.[6]  Count II, therefore, will be construed

as a claim arising from the Due Process and Equal Protection Clauses of the United States

Constitution and for due process rights authorized by the Alabama Constitution.[7]

### B.  Count III

In Count III, the plaintiff asserts that the defendants have "negligently, but with reckless

disregard of the true facts and duties and lawful responsibility imposed upon them by law" denied

plaintiff employment opportunities and deprived her of pay and benefits.  The same count goes on

to describe defendant Cook's interference with "economic opportunities," and Homewood's

"knowing" and "wilful" disregard of the Personnel Board rules, which were "useful in its arbitrary

and discriminatory treatment of plaintiff."  The claim goes on to describe a "scheme" and  "plan to

punish and retaliate" against plaintiff in violation of the Fair Labor Standards Act, and in violation

of state law.  Again, this count seems to allege that plaintiff was paid less than the salary owed to

her.  It differs from the other counts primarily in that it alleges some sort of conspiracy among the

defendants to retaliate against the plaintiff for complaining about her improper pay and by invoking

the Fair Labor Standards Act.  Accordingly, Count III must best be viewed as one alleging that

defendant Homewood conspired to (and/or did) retaliate against plaintiff for "grieving about denial

of appropriate compensation/classification" and that the conduct of Homewood constitutes

---

[6]      It could be argued that Count II alleges a breach of contract, but the same alleged breach, i.e.,  the failure to pay plaintiff "pay and benefits" to which she was entitled,  is set forth in Count I, and the court must assume that Count II was intended to be a separate and distinct claim, and not a mere repetition of Count I.

[7]      As this court explained in the earlier Report and Recommendation regarding the defendants' motions to dismiss, the Alabama Constitution does not contain any equal protection provision.  (See Doc. #50, pp. 8-9).

prohibited retaliation in violation of the Fair Labor Standards Act.  Also, she alleges generally that she was denied "overtime" pay in violation of the Fair Labor Standards Act.  It also appears that plaintiff alleges that Cook, in her individual capacity, committed the tort of intentional interference with a business relationship or "economic opportunity" involved in plaintiff's employment with Homewood.

### C.  Count IV

Court IV similarly asserts that Homewood has "breached its contractual duty owed to Plaintiff to classify and pay [her] based on merit..." and cites a contract "made for her benefit between the defendant City of Homewood and the Jefferson County Personnel Board."  This count goes on to recite acts of "retaliation" and a "scheme to deny Plaintiff recognition and compensation and benefits."  This claim must be classified as a claim of a breach of contract arising from an employment contract between her and Homewood, the terms and provisions of which are defined by the rules and regulations of the Defendant Personnel Board.  Further, she seems to allege that defendants retaliated against her in violation of state law and/or the rules and regulations of the Jefferson County Personnel Board.

Accordingly, the only claim that can be read to describe a negligent act in failing to properly reimburse the plaintiff for the deductions from her paycheck is Count I., and the motion for summary judgment on that claim is due to be denied both because the plaintiff has failed to demonstrate that her claim is viable and because defendant Homewood has demonstrated that  such a claim is barred.

<u>RECOMMENDATION</u>

Based on the foregoing the magistrate judge RECOMMENDS that the plaintiff's motion for partial summary judgment (Doc. #136) be DENIED.

Any party may file specific written objections to this report and recommendation within fifteen (15) days from the date it is filed in the office of the Clerk.  Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within fifteen (15) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal.  Written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.  A copy of the objections must be served upon all other parties to the action.

DONE this the 20th  day of May, 2009.


_____
T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE