IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOYCE FRANKLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:07-cv-006-TMP |
| ) | |
| CITY OF HOMEWOOD, *et al.*, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER

The magistrate judge filed a supplemental report and recommendation on May 20, 2009, recommending that the plaintiff's motion for partial summary judgment on the negligence claim be denied for failing to show that the plaintiff is entitled to judgment as a matter of law, pursuant to Federal Rule of Civil Procedure 56(c). Specifically, the magistrate judge found that the plaintiff failed to state a negligence claim relating to her January 2006 pay reduction, or alternatively, that the plaintiff failed to file a timely notice of claim with the City of Homewood ("City") as required by Ala. Code §§ 11-47-23 and 11-47-192.

The plaintiff has timely filed objections to the magistrate judge's report and recommendation. First, the plaintiff objects to the magistrate judge's characterization of her claim as one for breach of contract for failure to pay salary and not as a negligence tort; the plaintiff claims the City breached a duty to the plaintiff not to "summarily seize her paycheck without establishing the correctness of doing so." (Doc. 195, p. 16). This court agrees with the magistrate judge's characterization of this claim as more appropriately falling under a breach of

contract claim for failing to pay in accordance with an employment contract.[1]

Additionally, the plaintiff objects that the magistrate judge improperly found that the pay deduction on January 31, 2006 began the calculation of time for filing a notice of claim with the City. According to Alabama Code §§ 11-47-23 and 11-47-192, a plaintiff must file a "sworn statement" with the City Clerk within six months "after the accrual" of a personal injury tort claim. However, the plaintiff filed her notice of claim with the City on November 13, 2006, more than six months after the cause of action accrued on January 31, 2006.  Because the magistrate judge addressed this issue and correctly applied the law to it, the court need not reiterate that discussion.

Finally, the plaintiff argues that because the negligence was "admitted" by the City's highest elected official, the Mayor, and was also committed by the President of the City Council, the claim is not time barred under 42 U.S.C. § 1983. The magistrate judge rejected any such argument on the basis that raising new legal theories is improper in a summary judgment reply brief. *See Fisher v. Ciba Specialty Chemicals Corp.,* 2007 WL 2995525, *9 (S.D. Ala., Oct. 11, 2007); *Barnette v. City of Phenix City*, 2007 WL 3307213, *13 (M.D. Ala., Nov. 6, 2007). This court agrees.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the magistrate judge's report and recommendation and the plaintiff's objections, the

---

[1]In the introductory section of the plaintiff's objections to the magistrate judge's report, she raises two instances where the magistrate judge "misunderstood" the facts. The court notes that the facts in question are not material to the determination of whether to grant summary judgment in the negligence claim. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To the extent that the magistrate judge's report states that the plaintiff signed an agreement to have her pay reduced to the previous Grade 19, Step 9 level, the court notes that the statement is technically incorrect and should be amended.

court ADOPTS the magistrate judge's report with one exception. On page five of the report in the second paragraph, the fourth sentence should read: "Plaintiff met with Panos and Cook, and signed an agreement to have the alleged overpayment deducted from her paycheck." The court DENIES the plaintiff's motion for partial summary judgment pursuant to Federal Rule of Civil Procedure 56(c).

DONE and ORDERED this 22nd day of June 2009.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE