FILED

2009 Oct-08  PM 03:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

# THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

**JOYCE FRANKLIN,**

     **Plaintiff,**

**v.**                               **CIVIL ACTION NO.**
                                        **2:07-cv-006-IPJ**

**CITY OF HOMEWOOD,** *et al.,*

     **Defendants.**

## MEMORANDUM OPINION

This opinion responds to the report and recommendations of the magistrate judge of August 19, 2009 (doc. 201), the supplemental recommendation of the magistrate judge included in the Order of Reassignment dated September 16, 2009 (doc. 205), and the objections filed by the parties of this case (docs. 204, 206-210) regarding to defendants City of Homewood, Jefferson County Personnel Board, and Linda Cook's motions for summary judgment (docs. 146, 147, 151). This opinion also rules on defendant Cook's request for attorneys' fees, expenses, and costs pursuant to Rule 11, FED. R. CIV. P. 11; 42 U.S.C. § 1988; and the Alabama Litigation Accountability Act, §§ 12-19-270 *et seq.*, upon which the magistrate judge reserved ruling.

## I.  FACTS

The court adopts the statement of facts articulated by the magistrate judge at pages 4-21 of his report and recommendation.  The court also adopts the magistrate judge's accurate recitation of the legal standard for summary judgment, and the court views the adopted facts in the light most favorable to the plaintiff.

## II.  DISCUSSION

A.  Claims Against City of Homewood

*1.  Negligence*

The court adopts the report and recommendations of the magistrate judge with respect to the negligence claims brought against the City of Homewood for the reasoning contained therein.

*2.  Equal Protection*

The court notes that plaintiff voluntarily abandoned her equal protection claim against City of Homewood on the basis of *Engquist v. Oregon Dep't of Agriculture*, 128 S.Ct. 2146 (2007).  *See* doc. 176, at 28.  The court finds such claim abandoned and adopts the magistrate judge's recommendations only to the extent he found plaintiff abandoned such claim on *Engquist* grounds.

*3.  Due Process*

The court adopts the report and recommendations of the magistrate judge with respect to the procedural due process claim brought against the City of

Homewood for the reasons stated therein with one exception. The court rejects the reasoning to the extent the magistrate judge relies on his interpretation of *Henderson v. Arrington*, 392 So.2d 806 (Ala. 1980). *Henderson* does not hold that an employee may seek a declaratory judgment voiding a municipal employment rule in conflict with a Personnel Board Rule. The court finds that although the Alabama Supreme Court reversed the denial of the plaintiff's requested declaratory relief and writ of mandamus, it did not hold that a city employee may seek declaratory judgment. The Alabama Supreme Court merely allowed it.

Regardless, the court holds that the magistrate judge arrived at the correct conclusion and adopts his recommendation regarding plaintiff's due process claim to the extent not contrary to this opinion. As stated above, *Henderson* nevertheless supports the magistrate judge's analysis and his ultimate conclusion that there existed state law remedies for plaintiff's alleged denial of due process.

*4. Fair Labor Standards Act Claim for Unpaid Overtime*

The court rejects the magistrate judge's recommendation to deny defendants' motion for summary judgment with respect to the FLSA claim for unpaid overtime. The court finds the magistrate judge correctly found in the Order of Reassignment (doc. 205) that defendant City of Homewood properly plead a

3

statute of limitations defense for the unpaid overtime claim, but rejects the finding that sufficient evidence existed to create a genuine "issue of material fact as to whether the failure to pay overtime was willful for purposes of submitting to the jury the issue of whether the three[-]year limitation period applies, as opposed to the two-year limitation period."  (doc. 205, at 1 n.1).

The FLSA bars an employer from employing any person who works in excess of forty hours during a workweek without compensating her at a rate of at least one and one-half of her regular pay.  29 U.S.C. § 207(a)(1).  Under the act, the word "employ" means "to suffer or permit to work."  29 U.S.C. § 203(g).  The employer, however, must know or have reason to know that the employee is working beyond forty hours during a workweek.  *Reich v. Dep't of Conservation and Natural Resources*, 28 F.3d 1076, 1082 (11th Cir. 1994).  An action for unpaid overtime wages normally has a two-year statute of limitations, but if the failure to pay overtime is due to a willful violation of the FLSA, the limitations period is extended to three years.  29 U.S.C. § 255(a).

To prove that a violation was willful, the plaintiff must show that defendant City of Homewood "knew or showed a reckless disregard for the matter of whether its conduct was prohibited by the statute."  *Palmer v. Stewart County School Dist.*, 178 Fed. Appx. 999, 1005 (11th Cir. 2006) (citing *McLaughlin v.*

*Richland Shoe Co.*, 486 U.S. 128, 133-134, 108 S.Ct. 1677, 1681 (1988).  Even an employer's unreasonable or negligent actions will not be found to be willful unless the actions are also reckless.  *Aly v. Butts County, GA*, 841 F.Supp. 1199, 1201 (M.D.Ga. 1994); *Reich v. Dept. of Conservation and Natural Resources, Alabama*, 28 F.3d 1076, 1084 (11th Cir. 1994) (citing *McLaughlin*, 28 F.3d at 133).

By her own account of the events and in the light most favorable to plaintiff, the court finds that the two-year statute of limitations applies, and her claim is time-barred as a matter of law.  Plaintiff testified that  she did not seek nor did she receive permission to work the overtime hours for which she is currently seeking compensation (Franklin Depo., at 625-26); she "didn't make any claim" nor did she "submit anything," such as a request for payment, for the overtime hours she worked (Franklin Depo., at 303-04); and that in the past, she had been paid for all other overtime she worked from 1999 to 2005 (Franklin Depo., at 636-37; Franklin Aff., at 6).  She goes so far as to say that she "didn't want to complain" about not being paid for the alleged overtime work she had done even though she acknowledged she "could have gone to Ms. Cook."  (Franklin Depo., at 634-35).  Moreover, when plaintiff's supervisor, defendant Cook, arrived at the office early one morning to see plaintiff already at work, Cook told plaintiff that she should no longer come into the office early, (Franklin Aff., at 4), and on September 30, 2005,

5

plaintiff received an email from Cook that informed her there "would be no more overtime" available to her department because of budgetary restraints. (Franklin Aff., at 6). It is also undisputed that when City of Homewood reimbursed plaintiff for the transcription machine plaintiff purchased in October 2004, defendant Cook checked "the records to make sure that [she] had not overlooked any of the overtime slips requesting overtime [and she] looked back to see whether [plaintiff] had requested to work overtime." Her search revealed that plaintiff made no such requests. (Cook Depo., at 237; Franklin Aff., at 4). Under these facts, where plaintiff did not go through the regularly followed channels of requesting overtime, had no permission to work overtime, did not file a request for overtime, and acknowledged she did not want to complain about not being paid for alleged overtime work, this court finds that defendant City of Homewood did not have knowledge of, and therefore did not act willfully in allegedly failing to pay for, any overtime plaintiff performed.[1]

---

[1]While plaintiff claims her May 18, 2004 letter gave her employer notice that she was working overtime, the court finds as a matter of law that the letter did not put the City of Homewood on notice that its actions were a violation of the FLSA. Plaintiff did not mention any violation of law and her only discussion of overtime was one line in the single-spaced, three-page letter that stated one could "probably" find her at her kitchen table doing work at nights. The letter as a whole protests Cook's demand that plaintiff's work be errorless and was written, as stated in the first two sentences of the letter, for reasons unrelated to overtime work, the FLSA, or a violation of law. No reasonable jury could find that such

Accordingly, the two-year statute of limitations applies.  29 U.S.C. § 255.

Plaintiff filed her claim on November 17, 2006.  Plaintiff's letter indicating that

she could "probably" be found at her kitchen table doing work at night was written

May 18, 2004.  (Defendant's Exhibit 11).  Plaintiff also testified that on or around

"August or Sept., 2004 (exact date unknown)," she had been coming to work early

almost every day.  Around that time, Cook arrived early, saw plaintiff working,

and told plaintiff not to come into work early anymore. (Franklin Aff., at 3).  On

September 30, 2005, plaintiff "received an e-mail from Linda Cook [informing

her] that there would be no more overtime" during fiscal year 2006 (beginning

October 1, 2005) because of a budget deficit in fiscal year 2005/2006.  (Franklin

Aff., at 6).  Thus, the statute of limitations bars any claim for unpaid overtime

before November 16, 2004–which includes the overtime discussed in her May 18,

2004 letter and the early-morning overtime in August and September 2004–while

Cook's statement that plaintiff should not come in to work early and the later

September 2005 email renders any claim of unpaid overtime after those events

---

statement, or the letter as a whole, demonstrates a willful or reckless disregard
over the matter of whether City of Homewood's actions were willful.  At best,
City of Homewood's failure to further investigate the plaintiff's claim of working
at her kitchen table was negligent, which is insufficient to find a willful violation
of the FLSA.  *Reich*, 28 F.3d at 1084 (11th Cir. 1994) (citing *McLaughlin*, 28 F.3d
at 133).

nonactionable.[2]

### 5.  FLSA Retaliation Claim

The court rejects the report and recommendations insofar as they rely on the magistrate judge's interpretation of *Casey v. Livingstone Parish Communications Dist.*, 2009 WL 577756 (5th Cir. 2009) and *Alvarado v. I.G.W.T. Delivery Systems, Inc.*, 410 F. Supp.2d 1272, 1279 (S.D. Fla. 2006).  The court accepts the conclusion and remaining analysis of the magistrate judge, with the following additions.

As the magistrate judge correctly noted, not every expression of displeasure about wages constitutes a complaint under the FLSA, *Casey*, 2009 WL 577756, *5-6, but "an informal, internal complaint may constitute protected activity."  *Id.* However, as the magistrate judge found, plaintiff's letter falls squarely in the non-actionable category of "abstract grumblings" or "vague expressions of discontent"

---

[2]The court notes that plaintiff claims to have informed the city council of overtime she worked by writing the council's president, Ginger Busby, a letter dated February 24, 2006. In that letter, the plaintiff claims to have reported all of this alleged overtime to Cook, her supervisor.  The only instances on record plaintiff informing Cook of overtime she worked are those discussed above–the May 18, 2004 letter and the short morning conversation between the two that took place "August or Sept., 2004 (exact date unknown)"–both of which occurred more than two years before this action was brought.  Thus, as discussed above, the court finds those instances of overtime referred to in the February 24, 2006 letter are time-barred under the two-year statute of limitations.

recognized in *Hagan v. Echostar Satellite, L.L.C.*, 529 F.3d 617, 626 (5th Cir.

2008).  Indeed, to be considered protected activity, the complaint must "concern

some violation of law."  *Id.*  As the 11th Circuit held in *EEOC v. White and Son*

*Enterprises*, 881 F.2d 1006, 1011 (11th Cir. 1989),

> "For. . . practical and other reasons," Congress sought to secure
> compliance with the substantive provisions of the labor statute by
> having "employees seeking to vindicate rights claimed to have been
> denied" lodge complaints or supply information to officials regarding
> allegedly substandard employment practices and conditions.  *Mitchell*
> *v. Robert DeMario Jewelry, Inc.,* 361 U.S. 288, 292, 80 S.Ct. 332,
> 335, 4 L.Ed.2d 323 (1960).  The anti-retaliation provision of the
> FLSA was designed to prevent fear of economic retaliation by an
> employer against an employee who chose to voice such a grievance.
> *Id.*  By giving a broad construction to the anti-retaliation provision to
> include [oral complaints], [the FLSA's] purpose will be further
> promoted."

(Omission in original).

In this case, the plaintiff never feared the economic retaliation the FLSA is

designed to prevent, and she did not write the letter to vindicate the rights secured

by the FLSA and allegedly deprived by her employer.  Her letter begins, "I have

two reasons for writing this letter.  One is to explain why I was so upset on my job

yesterday and the other is because I realize that if I am going to continue to be

productive on my job, I need to say this."  (Defendants Joint Evidentiary Materials

in Support of Defendants' Summary Judgments, Ex. 11).  The remainder of her

letter makes clear that she was upset after her supervisor demanded that her work be "error free" and "belittle[d]" her.  She explained that "a high volume and backlog [of work] can contribute to errors and omissions," and insisted she was "not trying to justify them, [she was] just explaining to you how they occurred." The letter as a whole and the discrete sentence that because of the volume of work "you will probably find me at my kitchen table doing [work] at home" is best categorized as "abstract grumblings" or "vague expressions of discontent."  Under these circumstances, reading the FLSA's anti-retaliation provision broadly enough to include plaintiff's letter does not further promote the Act's purpose of shielding a person who engaged in protected activity from economic retaliation.

*6.  Breach of Contract*

The court adopts the report and recommendations of the magistrate judge with respect to the breach of contract claim brought against the City of Homewood for the reasoning as contained therein.

Claims Against Linda Cook

The court adopts the report and recommendations of the magistrate judge with respect to all of the claims brought against defendant Cook for the reasoning contained therein.

Additionally, defendant Cook has requested attorney's fees and expenses

pursuant to FED. R. CIV. P. 11, 42 U.S.C. § 1988, and the Alabama Litigation
Accountability Act, §§ 12-19-270 *et seq.*  After reviewing the factual record, the
court finds the claims brought by plaintiff were not so frivolous, vexatious,
groundless in fact or in law, or interposed for improper purpose so as to merit an
award of attorney's fees to prevailing defendant Cook.

Claims Against the Personnel Board

The court adopts the report and recommendations of the magistrate judge
with respect to all of the claims brought against defendant Personnel Board for the
reasoning contained therein.

### III.  CONCLUSION

Having considered the magistrate judge's report and recommendations, the
court adopts, modifies, and rejects those portions as described herein.  Finding
plaintiff has failed to establish any genuine issue of material fact sufficient to
allow this case to proceed to trial, and that defendants City of Homewood, Linda
Cook, and Personnel Board of Jefferson County are entitled to judgment as a
matter of law, it is **ORDERED** that City of Homewood's motion for summary
judgment (doc. 151) is **GRANTED**; Linda Cook's motion for summary judgment
(doc. 147) is **GRANTED**; Linda Cook's request for attorney's fees, expenses, and
costs is **DENIED**; and Jefferson County Personnel Board's motion for summary

11

judgment (doc. 146) is **GRANTED**.   Plaintiff's claims shall be **DISMISSED**

**WITH PREJUDICE** by separate order.

      **DONE** and **ORDERED** this 8th day of October 2009.


_____
_____INGE PRYTZ JOHNSON
                           U.S. DISTRICT JUDGE